Newkirk *v.* Burson et al.

---

NEWKIRK *v.* BURSON *et al.*

WITNESS—STATUTES CONSTRUED.—Where a mortgagor dies and the mortgagee sues the heirs and administrator of the mortgagor to foreclose the mortgage, and defences are interposed by the heirs, the mortgagee, under the provisions of the last proviso of the third section of the act of *March* 11, 1861, (2 G. & H. p. 168,) is a competent witness in his own behalf.

MORTGAGE — FORECLOSURE. — Where suit is instituted against the heirs and administrator of a deceased mortgagor to foreclose a mortgage, no judgment can be rendered against such administrator for the balance of the debt not satisfied by the sale of the mortgaged premises.

USURY.—Usury may exist where there is no loan of money; or where a money debt is created and forborne; or where the original contract by which a debt is created is for the purchase and sale of land, it may be usury for the vendor to demand and receive more than legal interest for the forbearance of such debt.

APPEAL from the *Laporte* Circuit Court.

PERKINS, J.—This suit was commenced by *Benoni M. New-kirk*, the appellant, against the heirs and administrator of *Samuel Burson*, deceased, to recover the amount due on a contract executed by the said *Samuel Burson* in his lifetime, and to foreclose a mortgage. The contract is as follows, to-wit:

"I, *Samuel Burson*, of *Laporte* county, and State of *Indiana*, have this day purchased of *Benoni M. Newkirk* of the same place, certain real estate, known as his farm near *Laporte* in *Laporte* county, aforesaid, and lands connected or used with it hereinafter described, upon the terms and conditions following, to-wit: I am to pay therefore the sum of 1,650 dollars one year from date; the like sum two years from date; the like sum three years from date; the like sum four years from date; the like sum five years from date; the like sum six years from date; the like sum seven years from date; the like sum eight years from date; the like sum nine years from date, and the sum of 18,150 dollars ten years from date, all without any relief whatever from valuation or appraisement laws. All of which several sums I hereby agree to pay to said *Newkirk* or order, as they severally fall due, as above specified, subject to this express condition, to-wit: If I pay at any time within the said ten years to said *Newkirk* or the person or persons lawfully entitled to receive the same, in addition to the annual installment then due, the sum of 16,500 dollars, he or they shall receive the same, and it shall be in full discharge and satisfaction of the whole debt, and each of the said several sums of money, except as to the annual installment then next to fall due, and as to that there shall be an abatement thereon at the rate of ten per centum per annum on 16,500 dollars from the date of said payment; and the payment of the sum of 16,500 dollars as aforesaid, and the amount of said installment then next to fall due after

the abatement as aforesaid, shall be in full satisfaction of the said several sums of money, and each and every one of them and every part thereof. And further, if I pay to said *Newkirk*, or the person or persons lawfully entitled to receive the same, at any time, in addition to the sum to be annually paid, any part of the last mentioned sum, not less than 500 dollars at a time, it shall be received, and in case of the payment on this obligation of any such additional sum less than the whole, then and in every such case there shall be a deduction equal to ten per cent. on such additional sum from each of said annual installments, except the one next to fall due, and as to that at the rate of ten per cent. per annum. And such payment shall operate as a credit upon said annual installment at the date of the said payment to the amount of ten per cent. as aforesaid upon the additional sum so paid; and the privilege above secured to me shall be extended to my heirs, executors, administrators and vendees of said real estate."

The defendants answered by a general denial and a plea of usury, which alleges that the contract and mortgage in the complaint mentioned were made in pursuance of a corrupt and usurious agreement between the plaintiff and said *Samuel Burson*, deceased, as follows: "That the plaintiff should and did sell and convey to the said *Samuel Burson* certain real estate in said mortgage described, containing about 230 acres, for the sum of 16,500 dollars, and that the plaintiff should and did forbear and give day of payment thereof for the period of ten years from the date of said agreement, and in consideration thereof said *Samuel Burson*, deceased, should and did agree to pay to the plaintiff the said sum of 16,500 dollars, at the expiration of ten years, and in the meantime should and did agree to pay to the plaintiff annually, interest on said sum at the rate of ten per cent. per annum, to-wit: the sum of 1,650 dollars, annually, from the

date of said agreement, and that the agreement was so drawn as to evade the provisions of law against usury." They also allege that five of the annual payments had been made, which, as they state, exceeds the amount legally due on the mortgage

Issue was formed on this answer, the cause was tried by a jury, and a verdict was rendered for the defendants, they holding the contract to be usurious.

A motion for a new trial was made and overruled.

The evidence and instructions of the Court, and certain rulings on the trial to which exceptions were taken, are incorporated in a bill of exceptions.

On the trial *Newkirk*, the plaintiff, offered himself as a witness, but the Court refused to hear him testify, under the provision of the act of 1861, which reads thus: "And provided further, that in all suits where an executor, administrator or guardian is a party in a case where a judgment may be rendered either for or against the estate represented by such executor, administrator or guardian, neither party shall be allowed to testify as a witness, unless, &c." 2 R. S. (G. & H.) p. 168.

In the case at bar, could a judgment have been rendered against the estate of *Burson?*

We have this statute in *Indiana:*

"SEC. 632. When there is no express agreement in the mortgage, nor any separate instrument given for the payment of the sum secured thereby, the remedy of the mortgagee shall be confined to the property mortgaged.

"SEC. 633. In rendering judgment of foreclosure, the court shall order the mortgaged premises, or so much thereof as may be necessary, to be sold to satisfy the mortgage and costs of the action. The payment of the mortgage debt, with interest and costs at any time before sale, shall satisfy the judgment.

Newkirk *v.* Burson et al.

"Sec. 634. When there is an express written agreement for the payment of the sum of money secured, contained in the mortgage, or any separate instrument, the Court shall direct in the order of sale that the balance due on the mortgage and costs which may remain unsatisfied after the sale of the mortgaged premises, shall be levied of any property of the mortgage debtor.

"Sec. 635. A copy of the order of sale, and judgment shall be issued and certified by the clerk, under the seal of the Court, to the sheriff, who shall thereupon proceed to sell the mortgaged premises, or so much thereof as may be necessary to satisfy the judgment, interest and costs, as upon execution, and if any part of the judgment, interest and costs remain unsatisfied, the sheriff shall forthwith proceed to levy the residue of the other property of the defendant. 2 G. & H. 294.

Now, in the case of a foreclosure of a mortgage, executed by a deceased mortgagor, it is clear that the heirs of such mortgagor are the necessary parties, because the equity of redemption descends to them; and should we admit, also, that the administrator of the mortgagor may not be an improper party, as he might have paid the mortgage, or may have personal estate with which to pay it; see *John* v. *Hunt*, 1 Blackf. 324; *Slaughter* v. *Foust*, 4 *id.* 379; *Bryen* v. *Chase*, 8 *id.* 508; still, the question will arise, could a judgment be rendered against such administrator, under the above statute? For if such a judgment could not be rendered, then, the case is not within the proviso of the act of 1861, above quoted, and *Newkirk* should have been admitted as a witness.

We think, in a foreclosure suit, such as this was, no judgment can be rendered against the administrator of a mortgagor for the balance of the debt, not satisfied by the sale of the mortgaged premises. We think the statute does not apply to such a case, even should we admit the order for the col-

lection of such overplus, indefinite as it must be, as to amount, and contingent, indeed, as to any amount at all, to be a judgment.

And, in expressing this opinion, we waive the question of the jurisdiction of the Circuit Court to render a judgment against an administrator; see 2 G. & H. p. 20, sec. 4; *Tyler v. Wilkerson*, 20 Ind. 473; and rest our conclusion upon the ground that the statute authorizing such order for execution for overplus after sale of mortgaged premises can not, without a violation of other rules of law, be held applicable in a case where the mortgagor is deceased.

The mortgage creates no lien, except upon the property embraced in it. Now, if, in the foreclosure of a mortgage against the representative of a deceased mortgagor, the Circuit Court can render a judgment, and order execution against the property of the deceased in the hands of the administrator, the mortgagee first foreclosing would, in effect, get priority of payment out of the estate, not only as against general creditors, but as against all mortgagees, later in foreclosing, though in the same class of creditors; but it has already been decided, as we understand the case of *Rogers v. The State*, 6 Ind. 31, that such is not the right of a mortgagee.

We think the Court erred in excluding *Newkirk* as a witness.

On the trial, the Court instructed the jury that "the forbearance of money, within the contemplation of our statutes against usury, can be based directly on the sale of land on credit."

It is for the Legislature to say upon what contracts usury may arise; and this Court has held, in two cases, that the Legislature of *Indiana* has said that usury may exist, where there is no loan of money; that it may exist where a money debt is created and forborne; that "an original contract by which a debt is created may be for the purchase and sale of

land; and it will be, nevertheless, contrary to the statute for the vendor to demand or receive more than legal interest for the forbearance of such debt." *Hogg* v. *Ruffner,* 1 Black (U. S.) Rep. 118; *Borum* v. *Fouts,* 15 Ind. 54; *Crawford* v. *Johnson,* 11 Ind. 258.

Whether such contract be usurious, or simply a time piece in the given case, may be a question of intention. And whether we have rightly construed our own statute on this point is no longer an open question in this Court.

Courts of other States have held the same doctrine. The following authorities are many of them directly in point. *Torrey* v. *Grant,* 10 S. & M. (Miss.) Rep. 89; *Parchman* v. *McKinney,* 12 *id.* 631; *Thompson* v. *Nesbit,* 2 Rich. Law Rep. (S. C.) 73; *Evans* v. *Negley,* 13 S. & R. (Penn.) Rep. 218; *Ogden* v. *Yoder,* 5 J. J. Marsh. (Ky.) Rep. 424. See, on the subject of usury, the cases collected in 10 Bacon's Abr. (Bouv. ed.) Tit. Usury.

The following is the definition of usury in our criminal code:

"SEC. 51. Any person who shall directly or indirectly, bargain for, receive or reserve, on any contract or agreement whatever, a greater rate of interest than at the time is allowed by law, shall be fined in five times the interest so unlawfully bargained for, taken or reserved, and in any prosecution under this section, it shall not be necessary to set forth the contract or instrument by which such interest may have been bargained for, received or reserved."

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded.

*John B. Niles, Thos. A. Hendricks* and *Oscar B. Hord,* for the appellant.[1]

*James Bradley* and *D. J. Woodward,* for the appellees.[2]

(1) It is argued by the counsel for the appellant: The authorities