Stevens *v*. Campbell.

———————

## Stevens *v*. Campbell.

Parties—Foreclosure.—The mortgagor is not a necessary party in an action to foreclose a mortgage, where he had sold the equity of redemption before the commencement of the foreclosure suit.

Same.—But, if the mortgagee desired to recover a personal judgment against the mortgagor for any deficiency after the sale of the mortgaged property, then he would be a necessary party.

Pleading.—A complaint in foreclosure is good, which avers, against the owner of the equity of redemption, that the mortgagor is indebted to the plaintiff by note in a specified sum, which is due and unpaid, and that the mortgagor and his wife executed a mortgage to secure it, and that the mortgage was not recorded, and that the defendant purchased the equity of redemption with actual notice of the mortgage, the mortgage and notes being made parts of the complaint.

Practice.—It is not error to strike out a paragraph of an answer which renders necessary no other proof than was already made necessary by the previous filing of the general denial.

APPEAL from the *Fulton* Common Pleas.

WORDEN, J.—Complaint by *Campbell* against *Jesse Klinger* and his wife, and also against *Stevens*, the appellant. It charges that *Jesse Klinger* executed to the plaintiff a promissory note, which was over due when the suit was commenced, and that he and his wife executed to the plaintiff a mortgage on certain property therein described to secure the payment of the note; and copies of the note and mortgage are duly set out. It further charges that the mortgage was not recorded, but that *Stevens* purchased the land of *Klinger* after the execution of the mortgage, having notice thereof, and that he claims to be the owner of the land.

*Stevens* demurred to the complaint, because it did not state facts sufficient, &c. The demurrer was overruled. He then filed an answer denying every allegation in the complaint relating to him. He afterwards, on leave granted, withdrew his answer, and again demurred to the complaint, on the ground that it did not state facts sufficient, &c. The demurrer was again overruled and he excepted. He then refiled his former answer, and a second paragraph alleging that he purchased the land of *Klinger* on the 1st of *January*, 1860, (which was after the mortgage was executed,) without any notice of the existence of the mortgage, which had not been recorded, &c. The second paragraph, on the plaintiff's motion, was stricken out, and *Stevens* excepted. The issue thus formed was tried by the Court. Finding and judgment for the plaintiff, the Court ordering the overplus on the sale of the land, after paying the plaintiff's debt and costs, to be paid to *Stevens*.

*Stevens* alone appeals, and assigns but two errors: 1. The overruling of his demurrer to the complaint; and—2. The rejection of the second paragraph of his answer.

The demurrer was correctly overruled, the complaint being sufficient. It charged against *Klinger* and wife the making

of the mortgage, and that *Stevens* purchased the land of *Klinger* with notice. But it is urged here that *Klinger* and wife were not parties to the suit, wherefore the demurrer of *Stevens* should have been sustained. The complaint was against *Klinger* and wife as well as *Stevens;* and the fact—if such were the fact—that at the time the demurrer was filed and passed upon, *Klinger* and wife had not been brought into Court, was no reason why the demurrer of *Stevens* should have been sustained. The record contains no process against *Klinger* and wife, and it is not clear that they appeared. But *Stevens,* having purchased the equity of redemption, *Klinger* and wife were not necessary parties to a bill to foreclose the mortgage. Story Eq. Plead. sec. 197. If the plaintiff sought relief against *Klinger* and wife, beyond the sale of the premises, as a judgment against *Klinger* for any deficit after the sale of the premises, or to make the judgment of foreclosure conclusive against the wife in respect to her interest in the land, in case she should survive her husband, they, for such purposes, were necessary parties. These, however, are matters in which *Stevens* had no concern. *Klinger* and wife are not complaining of anything done against them.

The striking out of the second paragraph of *Stevens'* answer did him no harm, as, under the general denial, which was in, the plaintiff, having admitted that *Stevens* had bought the land of *Klinger,* and that the mortgage was not recorded, and having alleged that *Stevens* had notice of the mortgage, would be bound to prove such notice. The counsel for the appellant argue this point as though the paragraph stricken out was the only one in the record. In this they are mistaken. The record, having once set out the original answer in denial, and which had been withdrawn, informs us that the defendant filed his amended answer in two paragraphs, the first paragraph being the former answer refiled; and the second is then set out.

*Per Curiam.*—The judgment below, as against *Stevens,* is affirmed with costs.

*J. Guthrie, F. C. Annabal,* and *M. R. Smith,* for the appellant.

*S. Keith, D. D. Pratt,* and *D. P. Baldwin,* for the appellee.