RODMAN ET AL., ADM'RS, *v.* RODMAN ET AL., ADM'RS.

DECEDENTS' ESTATES.—*Foreclosure of Mortgage Executed by Decedent.—No Personal Judgment.—Promissory Note.*—In an action to foreclose a mortgage on lands belonging to the estate of a decedent, executed by him in his lifetime to secure the payment of a promissory note also executed by him, to which the administrator is not a party, there can be no personal judgment over for any residue of the mortgage debt remaining unsatisfied on sale of the mortgaged premises.

SAME.—*Claim for Residue.—Merger.—Cause of Action.—Measure of Damages.*—The judgment of foreclosure in such action does not merge such promissory note; and any claim against the decedent's estate, for an unpaid residue of the mortgage debt, is founded, not upon the judgment of foreclosure, but upon such note; and the administrator is not bound by, but may go behind, the judgment of foreclosure to show the amount really unpaid.

COMPOUND INTEREST.—*Contract for Extension of Time.—Evidence.*—Evidence that, subsequent to an offer by the debtor to pay interest on interest accrued, in consideration of an extension of the time of payment for a specified period, the attorney of the creditor had indefinitely extended such time, pursuant to a direction by the creditor to give the debtor "all the time that could be safely given," does not sustain a complaint based upon an alleged contract to pay interest on interest accrued, in consideration of an extension of time.

From the Washington Circuit Court.

*F. Emerson, T. L. Collins* and *A. B. Collins*, for appellants.
*J. S. Butler*, for appellees.

PERKINS, J.—In this cause, a decision was rendered at the November term, 1876, Judge DOWNEY delivering the following opinion:

" This was a claim filed by Martha A. Rodman, administratrix, and William P. Butler, administrator, of the estate of Thomas J. Rodman, deceased, against Thomas J. Rodman and Charles H. Rodman, administrators, of the estate of Walker B. Rodman, deceased.

" The claim is in five paragraphs.

" In the first it is alleged, that, on the 16th day of May, 1867, Walker B. Rodman, by his note of that date, which

is filed herewith, promised, three years after date, to pay Thomas J. Rodman ten thousand dollars, with eight per cent. interest from date ; that the note was secured by a mortgage on real estate in Jackson county, Indiana; that, by decree of the Jackson Circuit Court, the said land was sold by the sheriff of said county on June 28th, 1873, to pay said note, interest, and costs of foreclosure and sale, and the amount realized, after · paying said costs, on said note, was eleven thousand two hundred and sixty-five dollars and ninety-two cents, which is a credit on said note of date of June 28th, 1873, leaving due and unpaid the sum of three thousand six hundred and twenty-seven dollars and forty-one cents, with interest at· eight per cent. from said date, for which they ask an ·allowance in the sum of four thousand five hundred dollars, and that the allowance be paid as a preferred mortgage claim.

" In the second paragraph it is alleged, that, on the 16th day of May, 1867, the said Walker B. Rodman, by his note of that date, which is filed herewith, promised, four years after date, to pay Thomas J. Rodman ten thousand dollars, with eight per cent. interest from date; that the said note was secured by a mortgage on real estate in Jackson county, Indiana ; that, by decree of the Jackson Circuit Court, the said land was sold by the sheriff of said county on June 28th, 1873, to pay said note, interest, and the costs of said decree and sale ; that the amount realized on said note, after paying said costs, was eleven thousand · two hundred and sixty-five dollars and ninety-two cents, which is a credit on said note of date of May 16th, 1867, leaving due and unpaid the sum of three thousand six hundred and twenty-seven dollars and forty-one cents, with interest at eight per cent. from said date, for which they ask an allowance in the sum of forty-five hundred dollars, and that it be paid as a preferred mortgage debt. ·

" In the third paragraph it is stated, that, after the death

Rodman *et al.*, Adm'rs, *v.* Rodman *et al.*, Adm'rs.

of said Thomas J. Rodman, on the 1st day of September, 1871, the said Walker B. Rodman promised these claimants, by his promise in writing, a copy of which is filed herewith, to pay interest on the interest which was due at that date, in consideration of forbearance to collect the interest then due; and claimants say there was interest due, at the date of said promise, on two notes for ten thousand dollars each, dated May 16th, 1867, at eight per cent. from date, amounting to nine thousand five hundred and eighty-six dollars and sixty-six cents, and said claimants accepted said promise, and did forbear to collect said interest, in consideration of said promise, until the estate of said promisor was being settled up, after his death, to wit, on the 13th day of May, 1873. Wherefore, etc.

" The fourth paragraph is predicated on a promissory note for ten thousand dollars, dated May 16th, 1867, executed by said Walker B. Rodman to said Thomas J. Rodman, with eight per cent. interest from date, which note it is alleged is filed with the claim.

" The fifth paragraph is in the same form, on a note for the same amount, of the same date, and between the same parties, as that mentioned in the fourth paragraph, and it is alleged that the same is filed with the claim. But two notes, and a letter as the contract referred to in the third paragraph, are filed with the claim.

" Demurrers to the first, second, fourth and fifth paragraphs were filed by the defendants, and overruled by the court.

" There was an answer in denial, a trial by the court, and a finding for the plaintiffs in the sum of ten thousand two hundred and eighty-two dollars and seventy-seven cents, and the court declared the same an allowance against the estate of said Walker B. Rodman, deceased. The court refused to order that the allowance draw interest at eight per cent., or to make the same a preferred claim against the estate.

" A motion for a new trial was made by the defendants, which was overruled by the court.

" The errors assigned are :

" 1.  Overruling the demurrer to the first paragraph of the complaint;

" 2.  Overruling the demurrer to the second paragraph of the complaint;

" 3.  Overruling the demurrer to the fourth paragraph of the complaint;

" 4. Overruling the demurrer to the fifth paragraph of the complaint; and,

" 5.  Overruling the motion for a new trial.

" The question made under the first and second assignments of errors is, whether or not the plaintiffs, having failed to take a judgment over in the foreclosure case, can recover the residue left unpaid after the sale of the mortgaged premises, the mortgaged premises not selling for a sum sufficient to satisfy the debt.

" In *Newkirk* v. *Burson*, 21 Ind. 129, it was decided that no judgment over could be rendered in such a case.

" We think it clear, that the fact that no such order was made can not prevent an allowance of the residue as a claim against the estate.   In this case, there neither was nor could have been any personal judgment in the foreclosure case.   The object and effect of that judgment were to exhaust the mortgage security by a sale of the mortgaged premises, and the application of the proceeds to the satisfaction of so much of the debt, leaving the representatives of the mortgagee at liberty to proceed against the estate of the mortgagor for the residue.   We do not think there was any such merger of the cause of action in the judgment of foreclosure as could bar the right of the mortgagee or his representatives to file the claim for the residue against the estate of the mortgagor.   The case is, or is analogous to, a proceeding *in rem* against property of

the debtor, whereby a part only of the debt is made, in which case it has never been held, that we are aware of, that there is a merger of the cause of action. On the contrary, it is uniformly held that the judgment, by which the property is subjected, can not be made the foundation of another action, but that any subsequent action must be upon the original cause of action. See *Lipperd* v. *Edwards*, 39 Ind. 165. But the question involved appears to have been decided in *Cole* v. *McMickle*, 30 Ind. 94.

" No question is argued under the third and fourth assignments of error.

" We proceed to examine the questions made under the fifth assignment, relating to the overruling of the motion for a new trial. The main question here is, whether or not the evidence sustains the third paragraph of the complaint, which is predicated on the agreement to pay interest upon the accrued interest.

" The only evidence in support of this paragraph is the following, a letter from Walker B. Rodman to William P. Butler, one of the plaintiffs, dated September 1st, 1871, in which he says:

" 'I received yours of August 18th, stating that you could give till January, '73, by paying the interest. I have a considerable lot of stock feeding, and for sale between January and April. I would wish you to give time until I make some sales, and I will pay you interest upon interest until paid. Please let me know in regard to the White River farm. According to brother's arrangement and mine, there will be $350 due the estate the 1st of March next. We are all well,' etc.;

" And the testimony of J. S. Butler, as follows:

" ' In the same fall, and a short time after the letter filed with the claim, dated Sept. 1st, 1871, from Walker B. Rodman to W. P. Butler, one of the administrators of the estate of Thomas J. Rodman, deceased, and one of the

plaintiffs, was received by said Butler, he, Butler, went in person to see Walker B. Rodman, and I accompanied him. He did see said Walker B. Rodman, and afterwards instructed me, as his attorney, to give said Rodman all the time that could be safely given on said claim, and for said interest.'

"It appears to us that this evidence does not show any agreement between the parties. In his letter, Walker B. Rodman acknowledges the receipt of a letter from Butler, one of the plaintiffs, stating that he could give 'till January, '73, by paying the interest.' He does not, however, accept this offer, but says: 'I have a considerable lot of stock feeding, and for sale between January and April. I would wish you to give time until I make some sales, and I will pay you interest upon interest until paid." The evidence of Mr. Butler, the attorney, fails to show an acceptance of this proposition, but shows that his client instructed him ' to give said Rodman all the time that could be safely given on said claim, and for said interest.' This was not the consideration for which Walker B. Rodman agreed to pay ' interest upon interest.' The fact that time was given does not prove the contract. The parties did not agree upon the same terms. This they must do in order to make a valid contract.

"The cross errors are not assigned on the transcript, and, although argued by counsel for appellee, can not be considered.

"The interest on interest embraced in the judgment is $330.71. If this amount shall be remitted within sixty days, as of the date of the judgment, the judgment as to the residue will be affirmed. If not, the judgment will be reversed, and, in either case, at the costs of the appellees."

A petition for a rehearing was filed, which commenced thus:

" On behalf of appellants, we respectfully petition the court for a rehearing of the cause, believing that a review of the record will result in a different decision. We do not ask the court to review the questions of law ; but we insist that the judgment was too large upon the facts, even after the remission of the amount directed by the court."

This court granted the petition February 13th, 1877. On the 30th of May, 1877, the cause was resubmitted.

In their brief, on the resubmission, counsel for the appellees say :

" But if this court should require appellees, as a condition to the affirmance of the former decision, to remit a further amount, appellees request that an order be made, permitting them to withdraw the remittance of $330.71 heretofore made, so that, when the case goes back to be tried again, the remittitur already made may not be a bar to any rights of the appellees."

The facts of the case, shortly stated, are these, as gathered from the record :

Walker B. Rodman executed two notes, of ten thousand dollars each, drawing eight per cent. interest, to Thomas J. Rodman, and secured their payment by a mortgage on land. He did not pay the notes, or the interest on them. Thomas J., the payee, and Walker B., the payor, of the notes and mortgage, both died. The administrators of the payee of the notes and mortgage foreclosed the mortgage against the heirs of the mortgagor (his administrators not being parties), obtained a decree for the sum of thirty-one thousand five hundred and forty-four dollars, and an order of sale thereon.

The order of sale was issued to the sheriff for the nominal amount of the decree, but contained a statement that a payment had been made upon the decree, and " upon it there is due" (says the order of sale) " the sum of twenty-nine

thousand six hundred and thirty-three dollars and thirty cents, principal and interest, and the further sum of seventy-four dollars and fifty-five cents costs accrued to this time. You are therefore commanded to levy the said sums of money," etc.

The sale produced the sum, beyond that required to pay costs, of twenty-two thousand five hundred and thirty-one dollars, which, deducted from the amount due in the decree, would leave of the decree, unsatisfied by the sale, the sum of seven thousand one hundred and five dollars, instead of the sum of nine thousand dollars, if you deducted these proceeds of the sale from the nominal amount of the decree, a difference of some nineteen hundred dollars. We have not attempted to be minutely accurate as to amounts.

The present appeal was from the judgment on a claim filed in the circuit court by the administrators of Thomas J., against the administrators of the estate of Walker B. Rodman, to obtain an allowance for the balance unpaid by the sale of the mortgaged property. They filed the decree of foreclosure and the notes, etc., and claimed, and got allowed, the nine thousand dollars above mentioned.

The administrators of Walker B.'s estate claimed a right to show the amount really unpaid was but a sum between seven and eight thousand dollars, and it seems to us that they should have been allowed to do so; and that the amount of the claim allowed was excessive, and that this error entitled the appellants to a new trial.

As we have said, the administrators of Walker B. Rodman were not parties to the suit foreclosing the mortgage, and, of course, not bound by it as to amount; but the claim for the deficiency on that sale is filed against them. They must have the right to go behind the judgment in the foreclosure proceedings on this question, and have the amount due determined by taking the account on the original claims. Such accounting will show the judgment of

the circuit court on the claims to be much too large; but how much, it is not proper for us to say, as the question is to be again tried below.

The judgment is reversed, with costs, and the cause remanded for a new trial. The entry of remission heretofore made is set aside, and the party making it is permitted to withdraw the same.