Filed June 28, 1888.

No. 13,082.

## HAMMONS ET AL. *v.* BIGELOW ET AL.

MORTGAGE.—*Foreclosure.—Complaint.—Personal Liability of Purchaser from Mortgagor.*—A complaint to foreclose a mortgage, which seeks to fix personal liability for the mortgage debt on a purchaser from the mortgagor, by reason of a contract on his part for such payment, must allege that the mortgaged land has been conveyed to such purchaser. An averment that the defendant purchased the mortgaged premises is not sufficient.

SAME.—*Parties.—Pleading.*—A suit to foreclose a mortgage can not be maintained against a husband and wife as sole defendants, where the only allegation of title is that "the husband purchased the mortgaged premises."

SAME.—*Parties.—Practice.*—The owner of the land is a necessary party to a suit to foreclose, but when the land has been sold and conveyed the mortgagor is not a necessary, though a proper party.

From the Jay Circuit Court.

*D. T. Taylor, J. W. Headington, J. J. M. LaFollette, J. F. LaFollette* and *J. M. Smith,* for appellants.

*P. A. Randall, W. J. Vesey, T. Bosworth* and *O. H. Adair,* for appellees.

ELLIOTT, J.—The first paragraph of the appellees' complaint is founded upon a bond and mortgage executed by Jacob Starr and wife to Paul K. Randall, deceased. It is averred that, "after the execution of the mortgage, Robert T. Hammons purchased the mortgaged premises of Starr, and as part of the purchase-money agreed to pay and discharge the mortgage." There is no allegation that the land was conveyed to Hammons, and the appellants vigorously contend that because there is no such allegation the pleading is bad.

In answer to the argument of appellants' counsel, the counsel for appellees say: " The complaint does show, however, that Hammons purchased the land, and as part of the purchase-money assumed the mortgage. We think that the word 'purchase' includes conveyance, as a purchase would be incomplete without a conveyance. But if there was no conveyance, Hammons, as a purchaser, would have such an interest as would make him a proper party to a foreclosure proceeding, if his interest was known to the mortgagee."

Two questions are involved in counsel's position. The first is as to the personal liability of Hammons. It is our judgment that the law is against the appellees on this question. Hammons is only liable upon the ground that his promise constitutes part of the purchase-money of the land, and to give validity to that promise it must be shown that he received the consideration by which it is supported. The theory which sustains the rule (a rule, by the way, not assented to without stubborn protest from some of the authorities) that the grantee is liable upon his parol promise to pay the debt of his grantor, is that the promise is to pay a part of the purchase-money, and is, in effect, a promise to pay the promisor's own debt. This theory it is which enables the courts to avoid the statute of frauds, and it is essential to the existence of the theory that the promisor should obtain the land which constitutes the consideration for his promise. But aside from the principle we have referred to,

there is an elementary rule which bears strongly against the appellees, and that is the rule that a party who sues on a contract not importing a consideration, must aver the consideration and show that it has been paid or yielded. This rule is very often applied to grantors who sue for unpaid purchase-money, and they are uniformly required to aver either a conveyance or a tender of conveyance. Indeed, the rule is even broader than we have stated it, for in all cases the plaintiff who sues on a contract must show that he has performed his part, or show an excuse for not performing it.

The second question involved in counsel's position is this: Can a suit to foreclose a mortgage be maintained against a husband and wife, sole defendants to the suit, where the only allegation of title is that the husband "purchased the mortgaged premises?" This is the question as the record presents it, although it is not the question which counsel argue. The question is not whether Hammons and his wife would be proper parties to answer as to their interest, in a suit brought against the mortgagor, but whether the suit can be maintained against them as sole defendants. We do not doubt that, if the mortgagor had been a party, Hammons would have been a proper party, but that is not the question here; the question here is, can one who is averred to have "purchased the mortgaged premises," be sued without averring that he received a conveyance or acquired title to the land? In other words, is there any cause of action against him? In our opinion there is not. It is not enough, in such a case as this, to aver that the defendant has purchased the mortgaged premises; it must be shown that he has acquired the mortgagor's title. If this be so, then we should have the strange anomaly of a suit for foreclosure against a sole defendant who has not obtained title to the land. The very purpose of a foreclosure under our law is to obtain a decree for the sale of the land, and it is impossible to conceive how such a decree can be obtained where

the only defendant before the court has not acquired title.   2 Jones Mortgages, section 1394.

The second paragraph of the complaint contains substantially the same allegations respecting the execution of the bond and mortgage by Starr as the first, but it avers that Starr " sold and conveyed the premises to Robert T. Hammons, who, as part of the purchase-price thereof, assumed to pay the mortgage and bonds." This averment removes the objection which we have held fatal to the first paragraph, but there are other objections to the second paragraph which require examination.

It is therein averred that after the maturity of the mortgage notes the plaintiffs, at the request of Hammons, sent the bond and mortgage to the Citizens' Bank at Portland, Indiana, for collection, with instructions to accept $8,721 in full payment of the debt, which was $250 less than the amount of the debt, if the payment was made on or before the 1st day of July, 1885 ; but if not paid on or before that day, seven per centum interest should be added to the amount. It is also alleged that Hammons did not pay any part of the debt until the 1st day of August, 1885 ; that on that day there was due, as principal and interest, $8,624, and the sum of $150 for attorney's fees ; that on the day last named Hammons paid to the bank $8,619.70, being $160 less than the plaintiffs authorized the bank to receive, as Hammons knew, and being $300 less than the amount due; that the bank, in disobedience of its instructions, delivered to the defendant a release.

It is further averred that there is due upon the bond and mortgage the sum of $500, which is unpaid.

The appellants' counsel assume that the second paragraph of the complaint avers simply that nothing more than the amount stipulated to be paid as attorney's fees is due upon the bond and mortgage ; but in this they are in error, for the pleading shows that more was due and unpaid.

It is further insisted that the appellees are bound by the

act of the bank, because it was their agent; but this position is not tenable, for the reason that the complaint avers that the appellants knew the extent of the agent's authority.

We think the second paragraph of the complaint is good, in so far as the demurrer assails it upon the ground that it does not state a cause of action.

The objection that there was a defect of parties defendants was also made by the demurrer; this objection is valid as to the first paragraph of the complaint, but not as to the second. The owner of the land is a necessary party to a suit to foreclose, but where the land has been sold and conveyed, the mortgagor is not a necessary party, although he is a proper party. 2 Jones Mortgages, section 1394.

The judgment is reversed, with instructions to sustain the demurrer to the first paragraph of the complaint.

Filed May 29, 1888; petition for a rehearing overruled June 28, 1888.