West *et al. v.* Miller.

Filed Sept. 16, 1890.

---

No. 14,433.

## West et al. *v.* Miller.

MORTGAGE.—*Foreclosure.*—*When Mortgagor not Necessary Party.*—In a suit to foreclose a mortgage where only a decree for the sale of the land, and not a personal judgment, is sought, the mortgagor who has parted with title is not a necessary party. To cut off the equity of redemption it is only necessary to bring before the court the parties holding the legal title.

SAME.—*Motion to Set Aside Decree.*—*Insufficiency of Affidavit Supporting.*— Where a decree foreclosing a mortgage is rendered for want of an answer, a motion, supported by affidavit, to set aside the decree will be overruled unless the showing made discloses a substantial defence to the action.

SAME.—*Promissory Note.*—*Duress, Illegal Consideration and Coverture.*—*Personal Defences.*—In an action upon a note and to foreclose a mortgage executed to secure it against the purchasers of the land, the execution of the note under duress, the illegality of the consideration and the cov-

erture of one of the mortgagors are not available as defences to the defendants, being defences personal to the mortgagors.

From the Marshall Circuit Court.

*J. S. Bender*, for appellants.

*O. M. Packard* and *C. P. Drummond*, for appellee.

BERKSHIRE, C. J.—This was an action brought upon a promissory note and a mortgage given to secure the same. The note and mortgage were executed by Samuel Smith and Catharine Smith to Andrew Cunningham, who assigned the same by endorsement to the appellee. After executing the note and mortgage, the Smiths conveyed the real estate in fee simple to the appellant John West; the appellants were husband and wife, and Mrs. West was made a party because of the marital relation. The Smiths were not made parties.

A demurrer was submitted to the complaint, but overruled, and an exception reserved; thereafter a decree was rendered, for want of an answer, foreclosing the mortgage, and directing the sale of the real estate for the amount found to be due upon the note. Afterwards, and in a very short time, the appellants moved the court in writing to set aside its decree and allow the appellants to file an answer, which motion the court overruled and entered the proper exception.

The appellants assign error, presenting two questions for our consideration, as follows:

1st. The insufficiency of the complaint.

2d. The court erred in overruling the motion to set aside its decree.

The grounds of demurrer were two: 1st. Defect of parties defendant. 2d. Insufficient facts stated in the complaint to constitute a cause of action.

The first cause of demurrer is the one insisted upon in this court.

It is contended that the Smiths were necessary parties to

the action, and that the court could not proceed to judgment until they were before it.

The appellee was not asking a personal judgment against any one, but simply a decree for the sale of the land in payment of his debt; as the Smiths had parted with the title to the land, and as it was primarily liable, it was wholly immaterial whether they were before the court or not. To cut off the equity of redemption, it was only necessary to bring before the court the party or parties holding the legal title.

This question has been so thoroughly settled by this court that it is hardly necessary to cite authorities, but see *Petry* v. *Ambrosher,* 100 Ind. 510; *Bennett* v. *Mattingly,* 110 Ind. 197; *Curtis* v. *Gooding,* 99 Ind. 45; *Hammons* v. *Bigelow,* 115 Ind. 363; *Watts* v. *Julian,* 122 Ind. 124.

The motion to set aside the decree was supported by affidavit.

To have entitled the appellants to the relief asked for it was necessary that the showing made by them disclose some substantial defence to the action; had the showing made disclosed such a defence, we are not prepared to say that it would not have been error to have overruled the motion, but no such defence was made to appear in the affidavits filed.

The statement of facts, as it appears in the affidavits presented to the court, is as follows: "That the only and sole consideration for said note and mortgage was that Ira Smith, son of the mortgagors, Samuel Smith and Catharine Smith, was threatened with a criminal prosecution for removing personal property covered by a chattel mortgage; and that the sole and only consideration for said note and mortgage was to save the said son Ira from arrest and imprisonment, which said mortgagee at the time could procure; that said Samuel and Catharine Smith never owed or were indebted to said Cunningham one cent not heretofore paid; that at the date and time of the execution of said note and mortgage the mortgaged premises were the joint property of

the said Samuel and Catharine Smith ; that the said Catharine refused to sign the same until she was made to believe by said Cunningham and his agent that unless she did so sign her son aforesaid would be arrested and imprisoned, and believing that such would be the case, to save her son Ira from such trouble and disgrace, signed the note and mortgage in the complaint mentioned."

Then follows a statement that the appellee did not purchase the note and mortgage until after the note had matured, and until after the appellants had become the fee simple owners of the real estate ; and a further statement that the appellants purchased with a knowledge of all the facts, and paid a full consideration for the real estate, believing that the note and mortgage were invalid.

If the makers, or either of them, had any legal or equitable defence to the note and mortgage, it was a personal defence, which they alone could make, for the facts stated indicate, but not very fully, only three grounds of defence : 1. Duress. 2. Illegal consideration. 3. Coverture as to Mrs. Smith.

We refer to the following authorities : *Bennett* v. *Mattingly, supra; Schee* v. *McQuilken,* 59 Ind. 269 ; *Studabaker* v. *Marquardt,* 55 Ind. 341, and cases cited.

Whether the Smiths could have been made parties on their own application, and set up the defences indicated, or whether the appellants might have shown a state of facts to the court sufficient to have made it proper for the court, upon their application, to have made the Smiths parties, are questions not before us.

We find no error in the record.

Judgment affirmed, with costs.

Filed Sept. 17, 1890.