## MUTUAL BENEFIT LIFE INSURANCE COMPANY *v.* BACHTENKIRCHER, RECEIVER.

[No. 26,452. Filed November 1, 1935.]

*Jones, Hammond & Buschmann, Leo M. Gardner, William H. Krieg, Howard A. Sommers* and *Lowell S. Love,* for appellant.

*Hoover, Thompson & McDowell,* for appellee.

TREMAIN, J.—On the 14th day of February, 1920, one William A. Moon became indebted to the appellant in the sum of $16,000 evidenced by his promissory note of that date, secured by first mortgage upon real estate in Putnam County, Indiana; by *mesne* conveyances Harry W. Foster became the owner of said mortgaged real estate, and, on July 2, 1924, by warranty deed, conveyed the same to State Bank of Francesville, Indiana; by the terms of said conveyance, the said bank assumed and agreed to pay, as part of the purchase price of said land, the balance of $15,000 then remaining unpaid of the original debt of $16,000 represented by said note and mortgage; thereafter, said bank entered into extension agreements with appellant whereby it agreed to pay said balance of $15,000; afterwards, August 8, 1930, said bank became insolvent and the appellee, Cecil Bachtenkircher, was appointed its receiver by the Pulaski Circuit Court; on November 1, 1930, upon authority of said court, said Bachtenkircher, as receiver of the state Bank of Francesville, sold and conveyed said mortgaged real estate to William C. Myers, who assumed and agreed to pay the balance due on said mortgage note; thereafter, on November 5, 1930, said Myers conveyed said real estate to Fay Keyes and Eleanor Keyes, who assumed and agreed to pay said debt.

On November 3, 1930, the appellant filed with said receiver, in the Pulaski Circuit Court, its claim based upon said note and mortgage for the balance due in the sum of $13,500 and interest as evidenced by the original

indebtedness of said Moon, secured by the mortgage upon the Putnam county real estate. The assumption of the payment of said debt by the said State Bank of Francesville is fully alleged in the claim.

While said claim was pending in the Pulaski Circuit Court against said receiver, the appellant, on the 29th day of April, 1931, filed a foreclosure action in the Putnam Circuit Court upon said note and mortgage, in which action the said Moon, who executed the same, and the other persons, who had assumed the payment of the debt in deeds of conveyance, including the State Bank of Francesville and Cecil Bachtenkircher, as receiver of said bank, were made parties defendant. The complaint demanded personal judgment against said Moon and wife, Guy Drake, Harry W. Foster and wife, William C. Myers, Fay Keyes and Eleanor Keyes, and as to all defendants, it prayed that the equity of redemption should be forever barred and foreclosed. The decree was rendered against William C. Myers, Fay Keyes and Eleanor Keyes for $15,374.29. Both the State Bank of Francesville and Cecil Bachtenkircher, as receiver of said bank, were duly served with process. Before filing the foreclosure action in the Putnam Circuit Court, the appellant petitioned the Pulaski Circuit Court for authority to sue said receiver of the State Bank of Francesville, which authority was granted by the court in the following language:

"It is, therefore, ordered that the petitioner, Mutual Benefit Life Insurance Company, be and it is hereby authorized to sue said Receiver and make said Cecil Bachtenkircher as Receiver of said State Bank of Francesville a party defendant in a suit to be filed by said petitioner in the Putnam Circuit Court to foreclose petitioner's mortgage on the real estate described in said petition and situated in Putnam County, Indiana."

The order further directed the receiver to make defense to said foreclosure suit when filed.

The receiver appeared in the Putnam Circuit Court and filed answer in general denial to the appellant's complaint. The cause was submitted to the court and judgment rendered in the sum of $15,374.29, as above described. An order of sale was issued to the sheriff of Putnam County, and said real estate was sold to appellant for the sum of $11,256.17 on December 12, 1931. The real estate was not redeemed and deed was executed to appellant.

No further steps were taken upon the claim filed against the receiver in the Pulaski Circuit Court until February, 1932, when the appellant asked to have its claim allowed in full against the assets of the State Bank of Francesville. Thereupon, the receiver filed an answer in which he recited in detail the action of the appellant filed in the Putnam Circuit Court upon the note and mortgage described in said claim, including the specific allegations that both the receiver and the State Bank of Francesville were duly summoned to appear to said action in the Putnam Circuit Court and file answers; that the foreclosure complaint fully alleged the execution and assumption of the payment of the debt by the State Bank of Francesville in the deed conveying the real estate to the bank, but did not demand a personal judgment against the bank or the receiver; that personal judgment was rendered against the defendants, Myers and Keyes and wife only, but the mortgage was foreclosed as against all defendants; that the note and mortgage described in the claim filed with the receiver in the Pulaski Circuit Court are the same note and mortgage sued upon in the Putnam Circuit Court; that the Putnam Circuit Court was a court of competent jurisdiction and had complete jurisdiction of the subject matter of said action and of all the parties thereto; that the judgment of the Putnam Circuit Court was for the full amount due upon the note and mortgage; that

the liability, if any, of the State Bank of Francesville upon said note and debt so sued upon was in issue before the Putnam Circuit Court in said cause; that no personal judgment was given or rendered in said cause by the Putnam Circuit Court against either the receiver or the insolvent bank; that no dismissal of said cause, or any part thereof, was asked, given, or entered by said court in said cause as to said State Bank of Francesville, or as to said receiver; that the judgment of the Putnam Circuit Court was duly entered and that the same has never been modified, set aside, or appealea from, but remains in full force and effect; that by reason of said facts the said note sued on in said claim filed in the Pulaski Circuit Court was, by the judgment and decree of the Putnam Circuit Court, merged therein; and, that any liability of said bank, or the receiver thereof, upon said claim, was by the judgment of the Putnam Circuit Court fully determined and adjudicatea.

The appellant replied to said answer by general denial. The cause was submitted to the court for trial upon an agreed statement of facts. The court rendered judgment against the appellant and for the appellee. Appellant's motion for a new trial, on the ground that the finding of the court was not sustained by sufficient evidence and was contrary to law, was overruled. From said ruling the appellant has perfected this appeal.

In the foreclosure suit in the Putnam Circuit Court, the appellant elected to and did take a personal judgment against three defendants, William C. Myers, Fay Keyes, and Eleanor Keyes, but did not take personal judgment against the other defendants who had assumed and agreed to pay the debt by their agreements stated in the several deeds of conveyance.

One question to be determined is: What is the effect of the Putnam Circuit Court judgment upon the note which is the basis of the appellant's action? The bank

for which appellee was receiver was personally liable for the payment of the note. Both it and the receiver were made defendants in the foreclosure suit, duly summoned, and appeared, but appellant did not demand a personal judgment against them. No reference was made in the Putnam Circuit Court judgment to the claim pending in the Pulaski Circuit Court. There was no attempt by appellant to preserve its rights to keep the note alive for further action.

It is elementary that the effect of a judgment is to merge the cause of action on which it is based. It is recognized generally that the judgment is of a higher order of security than an ordinary cause of action, and for this reason the latter is merged in the former. It is a common law rule that a judgment on a joint obligation against one or more joint obligors is a bar to an action against any other joint obligor or obligors. When merged in a judgment the original cause of action is gone forever. 15 R. C. L. 786, §242; 34 C. J. 750, §1162; 34 C. J. 977, §1393; *Lawrence* v. *Beecher* (1888), 116 Ind. 312, 19 N. E. 143; *Wilson v. Buell* (1888), 117 Ind. 315, 20 N. E. 231; *Ward et al.* v. *Haggard* (1881), 75 Ind. 381; *Marshall* v. *Stewart* (1879), 65 Ind. 243; *Gould et al.* v. *Hayden et al.* (1878), 63 Ind. 443; *Sharpe* v. *Baker* (1912), 51 Ind. App. 547, 96 N. E. 627.

That the judgment merges the cause of action (the note in the case at bar) is recognized universally in almost innumerable cases. To avoid the rule, the appellant insists that the order of the Pulaski Circuit Court did not authorize appellant to sue appellee or the bank upon its personal liability in the mortgage foreclosure action, but only granted permission to foreclose any interest appellee or the bank might have had in the mortgaged premises. And appellant insists that that part of the order "in a suit to be filed

by said petitioner in the Putnam Circuit Court to foreclose petitioner's mortgage on the real estate described in said petition and situated in Putnam County, Indiana," limits the order to a foreclosure of the equity of redemption only, as against the State Bank of Francesville. However, this court construes said quoted portion of the order as used therein for the purpose of identifying the court and action to be filed by appellant and not as any limitation upon the general authority to sue appellee contained in the first part of the order. The above order, as interpreted by the court, is sufficiently broad to contemplate any issue that might legitimately be raised in the foreclosure suit designated in the order. It is significant that the order directed the appellee to appear in the Putnam Circuit Court and make defense to the action when filed. If the purpose of the order had been only to grant authority to foreclose the equity of redemption, it certainly would have been so worded. The order is general in its terms; it authorizes suit against the appellee without limitation; appellant might have dismissed the action against the appellee and the bank he represented; it might have reserved in the foreclosure judgment the right to proceed against the appellee in the Pulaski Circuit Court.

It was necessary to file the action for the foreclosure of the mortgage in Putnam County where the land was located. §1170, Burns 1926, §3-1810, Burns 1933, §999, Baldwin's 1934.

The appellant was entitled to a personal judgment against any party to the suit liable upon any agreement for the payment of the debt. §1174, Burns 1926, §3-1814, Burns 1933, §1002, Baldwin's 1934.

Neither the receiver nor the bank he represented was a necessary party to the action to foreclose the mortgage, unless a personal judgment was desired against them. *Stevens* v. *Campbell* (1863), 21 Ind. 471; *Petry* v.

*Ambrosher et al.* (1884), 100 Ind. 510; *West et al.* v. *Miller* (1890), 125 Ind. 70, 25 N. E. 143; *Daugherty* v. *Deardorf* (1886), 107 Ind. 527, 528, 8 N. E. 296; *Armstrong et al.* v. *Hufty* (1899), 156 Ind. 606, 628, 55 N. E. 443; *Bennett et al.* v. *Mattingly* (1886), 110 Ind. 197, 200, 10 N. E. 299.

It is argued by the appellant, upon the authority of *Newkirk* v. *Burson et al.* (1863), 21 Ind. 129, and *Rodman et al.* v. *Rodman et al.* (1878), 64 Ind. 65, that no personal judgment could be taken against either the receiver or the bank on the ground that to do so would be to give appellant a preference in the assets of the bank. The cited cases do not so hold. In *Newkirk* v. *Burson, supra,* the mortgagor was dead and his estate was represented by an administrator who was not made a party to the foreclosure proceedings. The suit was against the heirs. The Rodman case embraces similar facts. The appellant is in error in its assertion that a judgment against the receiver to pay the debt in the regular course of administration would amount to a preference. Such is not the law and the cases relied upon by it do not support that proposition. It is well settled by the authorities in this state that a mortgagee, who has exhausted the security for his debt and then has gone outside of the mortgaged property to obtain payment for his claim, has no preference over other general creditors. *LaPlante* v. *Convery, Administrator* (1884), 98 Ind. 499; *Union Trust Co.* v. *Fletcher, etc., Trust Co.* (1924), 194 Ind. 314, 142 N. E. 711.

It is clear that appellant could have taken judgment against appellee or the bank he represented as receiver, and could have litigated and forever set at rest, in the foreclosure suit, the liability of said receiver and bank. The appellant voluntarily brought the receiver and bank before the Putnam Circuit Court, and after bringing them to that court, it chose not to demand a personal

judgment against either, but to take a personal judgment against only three of the several defendants. The appellee was duly summoned and appeared in that court and made his defense by filing an answer in general denial, which was the only pleading he needed to file to a complaint not demanding personal judgment against him or the bank he represented. The liability of the bank was alleged in the appellant's foreclosure complaint; also, in the agreed statement of facts, it is stated that the State Bank of Francesville became the grantee of the real estate and assumed and agreed to pay the indebtedness; that thereafter on two occasions said bank asked and obtained an extension of time by written agreements, where it again agreed and assumed to pay the indebtedness. From these allegations in the complaint and in the statement of facts it clearly appears that the liability of the State Bank of Francesville was in issue upon the answer in general denial. The law is well settled that where matters in issue between the parties to an action were, or might have been, litigated in a former action, such matters are considered "forever at rest." *Fischli* v. *Fischli* (1825), 1 Blackford (Ind.) 360; *Lawrence* v. *Beecher, supra; Crosby et al.* v. *Jeroloman* (1871), 37 Ind. 264; *Richardson* v. *Jones* (1877), 58 Ind. 240; *Bates et al.* v. *Spooner et al.* (1874), 45 Ind. 489; *Griffin et al.* v. *Wallace et al.* (1879), 66 Ind. 410, 418, 419; 15 R. C. L. 949, §429; *Goble* v. *Dillon et al.* (1882), 86 Ind. 327, 341; *Wilson* v. *Buell, supra; Nicodemus* v. *Simons et al.* (1889), 121 Ind. 564, 23 N. E. 521; 1 A. L. R. 1609, Note 3; *Jackson* v. *Morgan et al.* (1906), 167 Ind. 528, 78 N. E. 633; *Jackson* v. *Morgan et al.* (1911), 49 Ind. App. 376, 94 N. E. 1021; *Knotts* v. *Clark Construction Co.* (1921), 191 Ind. 354, 131 N. E. 921.

The appellant elected its remedy after having filed its note and mortgage as a claim with the receiver in the

Pulaski Circuit Court and elected to ask that court for authority to sue the receiver in the Putnam Circuit Court and to foreclose a mortgage on real estate in Putnam County. It elected to bring the parties before that court and then not to demand personal judgment against either.

Under the well established principles above set out the judgment of the lower court must be affirmed.

Judgment affirmed.