THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
*v.* ROBINSON, ADMINISTRATOR.

[No. 15,974. Filed March 1, 1939.]

*Davis Harrison,* for appellant.

*Rex Emerick,* for appellee.

DUDINE, J.—Samuel R. Miller died intestate on June 7, 1928. At the time of his death he was indebted to appellant The Prudential Insurance Company of America, for money borrowed, in the principal sum of $4,500.00. Said indebtedness was evidenced by a promissory note executed by decedent, made payable to appellant, dated September 27, 1926, in the principal sum of $4,500.00, maturing September 1, 1933, and providing interest. Decedent and his wife had also executed a mortgage on certain real estate to secure the payment of said note.

On June 25, 1928, Fred B. Collier was duly appointed administrator of decedent's estate and thereafter he acted as such administrator until March 8, 1934, when he was removed by the LaGrange Circuit Court and appellee Clarence L. Robinson was duly appointed administrator *de bonis non* of said estate.

In the course of administering said estate Fred B. Collier as such administrator reduced the personalty of the estate to .cash and received $2,480.11 in cash and disbursed all of said money by paying some preferred claims, by paying appellant $452.10 as interest due on

said mortgage indebtedness and by paying miscellaneous general claims, leaving some preferred claims and some general claims entirely unpaid. This was done before February 18, 1931.

On said last mentioned date, upon default in the payment of said mortgage indebtedness, appellant filed suit on said note to foreclose said mortgage. All the heirs of decedent and Fred B. Collier as such administrator were made party defendants. Fred B. Collier as such administrator filed a counterclaim in said foreclosure suit in which he alleged the payment by himself as such administrator to appellant of the sum of $902.00 out of the personal assets of said estate, to apply on said mortgage indebtedness; that said payment was made by him prior to payment of certain preferred claims and was made "under a misapprehension of the law governing his actions as such administrator; . . . that this administrator is entitled to be reimbursed by the plaintiff (The Prudential Insurance Company of America) for said money so paid by him . . ., that said preferred claims (which were left unpaid) are a lien upon the real estate on which the plaintiff has a mortgage and (which lien) is prior to the lien of said mortgage. . . ." The cross-complaint prayed "judgment against the real estate covered by plaintiff's mortgage in the amount of One Thousand ($1,000.00) Dollars and costs and that said judgment shall be declared to be a first and prior lien upon said real estate."

A demurrer to said counterclaim was sustained and said administrator having declined to plead further, and the issues having been closed, the mortgage foreclosure suit was submitted for trial and the court on September 20, 1932, rendered a finding and judgment that said administrator recover nothing by said cross-complaint. The real estate was sold to appellant at sheriff's sale and all the proceeds thereof were applied to the payment of court costs and in payment of the judgment of appellant in that

foreclosure suit. In due time a deed was executed and delivered to appellant.

This is an appeal from a judgment in a suit instituted February 3, 1936, by appellee Clarence L. Robinson as administrator *de bonis non* of said decedent's estate against appellant. The complaint alleged the payment of $452.10 to appellant by Collier, as such administrator, out of the personal estate of said decedent under facts which are substantially as we have above set forth, and sought judgment against appellant in that amount.

It is not necessary that we discuss or refer specifically to the other pleadings, except to say that an answer of *res adjudicata* was filed. The issues having been closed, the cause was submitted to the court for trial without a jury and upon proper request the court made a special finding of facts and stated conclusions of law thereon.

The facts found were substantially similar to the facts which we have set out. The court did find, however, in addition to such facts, "That the said Fred B. Collier as administrator aforesaid at the time he made disbursement set out did so in the belief that at said time said estate was solvent."

The conclusions of law were favorable to appellee. It is not necessary that we set out or discuss any of the conclusions of law except the fourth, which is as follows: "4. Plaintiff is entitled to recover from the defendant the sum of $257.70, being 57% of the amount paid by the former administrator to plaintiff, said 57% being the amount that it would be necessary for each general creditor who has been paid by the Administrator to refund in order that the preferred debts and expenses of administration should be paid in full and that the unpaid general creditors should receive a dividend of 43% on their claims."

Judgment was rendered in accordance with the conclu-

sions of law, and that appellee recover $257.70 from appellant.

It is not necessary that we set out or discuss the several errors assigned and relied upon for reversal. It is sufficient in that regard to say that appellant has presented the question of contended error in said fourth conclusion of law.

Several reasons are given by appellant to sustain its contention as to error in the fourth conclusion of law. It is not necessary that we discuss more than one of said reasons.

One of said reasons given by appellant is that the finding of facts shows that the matter sought to be litigated in this suit was previously litigated in the foreclosure of mortgage proceedings.

Appellee answers said contention as follows: "In said former action, no personal judgment was sought to be obtained by the former administrator Fred B. Collier; all that (he) . . . sought to do by the cross-complaint filed by him in the mortgage foreclosure suit was to have a lien declared in his favor for the interest so paid and to have the court declare that such . . . lien was prior and superior to the mortgage lien of appellant . . . ; in other words, the cross-complaint . . . sounded *in rem* and not *in personam* . . . In the case at bar, however the object and purpose of the present administrator, the appellee herein, is to recover a *personal judgment* against the appellant." Appellee's contention is in effect that since the action instituted by the cross-complaint was a proceeding *in rem* its adjudication did not constitute a former adjudication of this action, which is a proceeding *in personam*.

Appellee cites several cases in support of the contention "that a judgment in *rem* does not bar a proceeding and judgment in *personam*." None of the cases cited by appellee support such contention as a general proposi-

tion of law. Some of the cases cited do support the proposition that an action to foreclose a mortgage resulting in a judgment of foreclosure does not necessarily bar a proceeding and judgment on the promissory note which was secured by the mortgage. *The Muncie Nat'l Bk. et al.* v. *Brown* (1887), 112 Ind. 474, 14 N. E. 358, supports the converse of said last mentioned proposition. It holds in effect that an action on promissory notes, which are secured by a mortgage, resulting in a personal judgment does not necessarily bar a later action on the mortgage. In that case the court said (p. 482):

> "Counsel lose sight of the fact that in every case like this there are two distinct things—a debt, and the mortgage securing it. A personal judgment does not extinguish the debt, although it merges it as a cause of action. But while there is a merger of the debt in the personal judgment, the lien of the mortgage remains unaffected. . . . Until there is a foreclosure there is no judgment merging, or even impairing, the mortgage security."

*Crosby et al.* v. *Jeroloman* (1871), 37 Ind. 264, was a suit to foreclose a mortgage. Our Supreme Court said in that case (p. 278):

> "The mortgage in question was an entire contract, stipulating for the payment of the money, and pledging the lands therefor. The plaintiff having brought suit on the mortgage, and taken judgment of foreclosure only, when he might have taken a personal judgment for the residue after exhausting the mortgaged premises, it is clear, under the authorities, that he cannot now maintain another action to recover a personal judgment for such residue. *Had the stipulation to pay the money been contained in a separate instrument, so that there would have been more than one contract, a very different question would have been presented.*"
> (Our italics.)

Recognizing that to be the law as applicable to typical mortgage foreclosure proceedings, we must determine whether it is applicable in the case before us. We

must determine whether or not the cause of action set up in the cross-complaint filed by appellee in the mortgage foreclosure proceeding, and the cause of action now before us on appeal are separate and distinct causes of action.

Our Supreme Court had such a question before it in *Crosby et al* v. *Jeroloman, supra,* and quoted with approval from *Secor* v. *Sturgis* (1858), 16 N. Y. 548, 558 as follows (p. 277) :

"The true distinction between demands or rights of action which are single and entire, and those which are several and distinct is that the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts. . . . In the case of torts, each trespass, or conversion, or fraud, gives a right of action, and but a single one, however numerous the items of wrong or damage may be; in respect to contracts, express or implied, each contract affords one and only one cause of action . . ." .

The decision of our Supreme Court as to such question in that case was reached by the application of said rules of law. (See *supra*).

Applying said test to determine whether or not the cause of action set up in the cross-complaint filed by appellee in the mortgage foreclosure action was a cause of action which is separate and distinct from the cause of action set up in the complaint in the cause, before us on appeal, we note that both "causes" arise out of one act, to wit, the payment by administrator Collier, to appellant, of money out of decedent's estate, which allegedly should have been retained in the estate for payment of other claims.

Appellee's predecessor administrator having brought suit on said act of payment of said money as aforesaid and having sought only to recover a lien against the real estate when he might have taken a personal judgment, he could not thereafter maintain another action to

recover such personal judgment. *Crosby et al.* v. *Jeroloman, supra; Mutual General Life Ins. Co.* v. *Bachtenkircher, Rec.* (1935), 209 Ind. 106, 198 N. E. 81. The trial court therefore erred in its fourth conclusion of law that appellee is entitled to recover from appellant in this action.

The judgment is reversed, with instructions that the trial court restate its conclusions of law in harmony with this opinion, and that further proceedings be consistent herewith.