TRADERS LOAN AND INVESTMENT COMPANY v.
HOUCHINS ET AL.

[No. 24,143.    Filed October 14, 1924.]

1. DRAINS.—*Drainage Proceedings.*—*Action Against County Treasurer to Set Aside Assessments.*—Under the statute relating to drainage proceedings (Acts 1919 p. 775, §6145 Burns' Supp. 1921) an action to vacate and set aside certain assessments, would not lie against the county treasurer at a time when the bonds had not been issued and assessments had not been placed upon the duplicate and when he was not charged with any duty except that he should collect and receipt for such assessments as might be voluntarily paid.   p. 259.

2. JUDGMENT.—*Action to Set Aside.*—*Service of Process.*—An action may be brought to set aside and vacate a judgment for want of service of process, and such action is not governed by the statute relating to actions to review.   p. 260.

3. COURTS.—*Jurisdiction.*—*Setting Aside Judgment of Another Court.*—Section 1437 Burns 1914, §1317 R. S. 1881, and §1438 Burns 1914, §1318 R. S. 1881, setting forth the powers and jurisdiction of circuit courts do not give one circuit court jurisdiction to vacate, change, set aside or modify the judgment of a court of similar jurisdiction or equal rank.   p. 260.

From Gibson Circuit Court; *John T. Ballard*, Special Judge.

Action by Traders Loan and Investment Company against Devore C. Houchins, and others.   From a judgment for the defendant, the plaintiff appeals.   *Affirmed.*

*Luther Benson*, for appellant.

*M. C. Embree* and *Henry Kister*, for appellees.

GAUSE, J.—This action was brought in the Gibson Circuit Court to set aside and vacate certain assessments made and adjudged by the Pike Circuit Court against the lands of the appellant in a drainage proceeding in the last named court.

The appellees, who were the only defendants below, are two of the sixty-three petitioners for said drain, the contractor for the construction thereof, and the treasurer of Gibson county.

The appellees severally demurred to the complaint upon each of the following grounds: "1. That the court has no jurisdiction of the person of either of the defendants; 2, that the court has no jurisdiction of the subject matter of the action; and, 3, that the amended complaint does not state facts sufficient to constitute a cause of action."

It appears from the allegations of the complaint that two of the appellees and sixty-one other persons filed their petition for drainage in the Pike Circuit Court, said proposed drain to extend in both Pike and Gibson counties.

That appellant was not named in the petition as the owner of any land affected, but that in due course commissioners were appointed who reported favoring the establishment of the drain and in such report the land of appellant, situated in Gibson county, was assessed as benefited.

A day certain was fixed by the court for the hearing upon said report and the petitioners undertook to give notice to all landowners named in the report, who had not been notified of the filing of the petition. That appellant during all of said time was not a resident and had no office or agent in either Pike or Gibson county, but had its home office and principal place of business in Marion county, Indiana. That its true name is Traders Loan and Investment Company, and that is the name in which it is assessed in said report.

The record of the Pike Circuit Court does not show that any notice was given to appellant in any manner, either by personal service or publication, except that a notice was both posted and published, as provided by the statute, which contained the name of "Traders Loan Investing Co.," and the court found that notice had been given to "Traders Loan Investing Co.," along with many

hundred other landowners. That appellant never had any notice of any kind of such proceedings.

It appears that the assessments were confirmed by the court, except in certain instances not affecting appellant, and the work was referred to one Andrew G. Wheeler for construction. That said commissioner in charge of construction awarded the contract therefor to appellee Fred C. Morgan for the sum of $515,000.

That said commissioner filed with the auditor of Pike county his apportionment of the costs of construction to said assessments and that said apportionment was for the full amount of the assessments confirmed by the court, and gave notice thereof to the auditors of each of said counties, and that said auditors certified said assessments to the county treasurers of each of said counties and said treasurers gave notice that said assessments were due and payable on or before November 8, 1920, and that unless said assessments were paid, that bonds would be issued to cover the unpaid amounts, but that said bonds had not been issued or sold.

The demurrer of each of the appellees was sustained to the complaint and this ruling is assigned as error.

The proceedings relating to the collection of the assessments and issuing of bonds are governed by the Acts 1919 p. 775, §6145 Burns' Supp. 1921.

By the provisions of this statute the commissioner charged with the construction of said work is to certify the apportionment of benefits to the county commissioners of the county where the petition is filed, and after the commissioners shall have determined at what time and in what number of installments the assessments are to be paid the county auditor shall certify such assessments against lands in other counties to the county auditors of such other counties, and that such county auditors shall give notice that the same are payable and shall deliver to the county treasurers the certificates of

assessments, and it is then the duty of such treasurers to receive and receipt for such assessments as are paid within ninety days thereafter.

That after said ninety days said treasurers report the unpaid assessments to the county auditor of the original county, who in turn reports the same to the board of county commissioners.

That said board of commissioners then determines the amount of bonds necessary to cover the unpaid assessments and orders them issued and sold.

It is provided that after the bonds are sold, such fact shall be certified to the respective county auditors who shall then extend the assessments, liable to 1. pay said bonds, upon the ditch duplicates of said county. It is then made the duty of the county treasurer to collect said assessments as taxes are collected. It will be noticed that when this action was brought the bonds had not been issued and the assessments had not been placed upon the duplicate. At this stage of the proceedings the county treasurer, under the statute, was not charged with any duty except that he should collect and receipt for such assessments as might be voluntarily paid. He had no duplicate containing such assessments and could do nothing to enforce the payment thereof. Furthermore, this action is not brought to enjoin him from collecting said assessments, but asks that the same be vacated and set aside. It would seem to be just as proper to sue a clerk of a court, to set aside a money judgment, because the clerk could receive payment of the judgment, as to sue the treasurer, who was only authorized to receive the payment in this case, at the time this action was brought. If the complaint in this case states a cause of action against any of the defendants, it is only as an action to vacate or set aside a judgment of the Pike Circuit Court.

2. An action may be brought to set aside and vacate a judgment where no process has been served upon the complainant, and such action is not governed by the statute relating to actions to review. *Willman* v. *Willman* (1877), 57 Ind. 500; *Dobbins* v. *McNamara* (1888), 113 Ind. 54, 3 Am. St. 626. While only two of the persons out of the many hundred parties to the judgment are made parties hereto, no question is raised thereon because there was no demurrer upon the ground of defect of parties. However, the question is raised that the Gibson Circuit Court did not have jurisdiction, and we think this objection to the complaint is well taken. As stated before, if a cause of action is alleged, it is an action to set aside and change a judgment of the Pike Circuit Court in the drainage proceeding. The jurisdiction of such proceedings is in the Pike Circuit Court.

3. Section 1437 Burns 1914, §1317 R. S. 1881, relating to the powers and jurisdiction of circuit courts, provides that, "Such court shall have power to make all proper judgments, sentences, decrees, orders, and injunctions, and to issue all process, and to do such other acts as may be proper to carry into effect the same, in conformity with the constitution and laws of this state." And §1438 Burns 1914, §1318 R. S. 1881, provides that, "When the subject-matter of any (suit in) such court shall be situate in two or more counties, the court which shall first take cognizance thereof shall retain the same." One circuit court does not have jurisdiction to vacate, change, set aside or modify a judgment of a court of similar jurisdiction or equal rank. Any other rule would result in confusion and conflict of authority. *Gregory* v. *Perdue* (1867), 29 Ind. 66; *Coleman* v. *Barnes* (1870), 33 Ind. 93; *Scott* v. *Runner, Assignee* (1896), 146 Ind. 12, 58 Am. St. 345; *Karr* v. *Board, etc.* (1908), 170 Ind. 571.

Viewing the complaint as an action to vacate a judgment of the Pike Circuit Court, as we must, we are of the opinion that such an action could not be sustained in any other court, since that court has control over its orders and judgments, with power, upon proper proceedings, to vacate, amend or otherwise change the same.

Since the case was brought in the wrong court, it would not be proper for us to pass upon the question as to whether the complaint would have been sufficient, if brought in the right tribunal, so we express no opinion thereon.

The demurrer was correctly sustained to the complaint, and the judgment is affirmed.