Ruby Collins, Administratrix of the Estate of Robert Edward Collins, Deceased, Appellee, v. John Hastings, Sr. and Donald Hastings, Appellants.

Gen. No. 9,024.

Opinion filed January 17, 1936.

BARNES & MAGOON, of Lacon, for appellants.

HAMILTON, BLACK & KLATT, of Peoria, for appellee.

Mr. Justice Dove delivered the opinion of the court.

This is an appeal by John Hastings, Sr. and Donald Hastings, from a judgment rendered against them upon the verdict of a jury for $6,000 and costs in favor of Ruby Collins, administratrix of the estate of her deceased son, Robert Edward Collins.

It appears from the record in this case that the appellant, Donald Hastings, and the deceased, Robert Edward Collins, on November 21, 1934, were attending high school in Sparland, Marshall county, Illinois. At about 12:20 p. m. on that day the said Hastings and the said Collins, the deceased, were riding in an automobile which was being driven by Donald Hastings on State Route 29 between Sparland and Chillicothe. It was raining and misting and the pavement was wet. At a point just south of the Peoria-Marshall county line, Hastings, while driving up the slope of a hill, attempted to pass a car immediately in front of him, and the car in which Hastings and Collins were riding collided with a truck coming from the opposite direction, and as a result thereof Collins was so seriously injured that on November 26, 1934, he died. It appears from the evidence that Collins was 18 years of age the day he was injured and that Donald Hastings was 16 years of age on August 15, 1934; that they were seniors attending high school and the car Donald was driving belonged to Donald's father and that at the time of the collision Donald was on his way to a garage in Chillicothe for the purpose of having the brakes, which were defective, adjusted and repaired.

The record further discloses that no guardian *ad litem* was ever appointed by the trial court for the minor defendant Donald Hastings, and it is insisted by appellants in this court that it was error for the trial court to proceed with the trial of this cause without first appointing a guardian *ad litem* for this minor defendant. Counsel for appellee insist that inasmuch as this omission was not called to the attention of the

trial court and was not raised in appellants' motion for a new trial, it has not been properly preserved by appellants, but has been waived and cannot be raised for the first time in this court. In support of this contention our attention is called to the case of *Martin v. Starr*, 255 Ill. App. 189. Such is the holding of that case, but the only authority cited in the *Martin* case as sustaining its conclusion is *Yarber v. Chicago & Alton Ry. Co.*, 235 Ill. 589. An examination of the *Yarber* case discloses that the rights of a minor were not involved therein and that case is authority only for the proposition that if certain points in writing, particularly specifying the grounds of the motion for a new trial, have been filed, the party will be deemed to have waived all causes for a new trial not set forth in his written motion and in an appellate court he will be confined to the reasons specified in the written motion.

In 31 C. J. 1121, it is said that while in some jurisdictions it has been held that a judgment against a minor not represented by a guardian *ad litem* is void and subject to collateral attack, without resort to an appeal, still the weight of authority is to the effect that where the court has otherwise jurisdiction, a judgment or decree rendered against an infant without the appointment of a guardian *ad litem,* while it may be erroneous and subject to be reversed, is at most only voidable and remains in full force and effect until reversed on appeal or error or set aside by direct proceedings and is not subject to collateral attack and that this rule applies to decrees in equity as well as judgments at law. 22 Cyc. 641 is to the same effect and in 22 Cyc. 636, it is said: "The record should affirmatively show that a guardian *ad litem* was appointed to appear and answer for infant parties, otherwise the judgment or decree will be reversed on error or appeal."

The early case of *Peak v. Shasted,* 21 Ill. 137, was an action of assumpsit on a note executed by Peak, a

minor. In that case it appeared that a judgment by default was rendered against Peak at the July term, 1858, of the circuit court of Macon county and at the November term following he made a motion to set aside the judgment on the ground that he was a minor at the time the judgment was rendered and no guardian appeared or was appointed to defend the action. In reversing the judgment of the trial court, which denied his motion, the Supreme Court said that at the time the judgment was rendered the defendant was a minor and the record failed to show that there was any appearance entered for him by a guardian and that for this error the judgment should be set aside. It was further stated that a minor can only appear to defend by a guardian and not in person or by attorney and a judgment rendered without any guardian is not void, but merely voidable on error brought. ''It would then follow,'' concluded the court in its opinion, ''that if the appellant was at the time of the rendition of the judgment a minor, there was error in fact in its rendition, for the want of appearance by a guardian. The plaintiff should have applied to the court, if the defendant was a minor, and had a guardian *ad litem* appointed, and having failed to do so, he cannot object if the judgment is set aside, on its appearing that the defendant was a minor.''

In *McCarthy v. Cain,* 301 Ill. 534, the court, quoting from *Simpson v. Simpson,* 273 Ill. 90, said: ''A judgment or decree against a minor without the appointment of a guardian *ad litem* to represent him in the suit is voidable and may be set aside by a proper motion made in the court where the judgment or decree was rendered and the minor allowed to make his defense, and this may be done at a term subsequent to that in which the judgment or decree was rendered.'' See also *Hall v. Davis,* 44 Ill. 494.

In *White v. Kilmartin,* 205 Ill. 525, the court, in reversing a decree in a proceeding to contest a will,

where it appeared no guardian *ad litem* was appointed for minor defendants, said: "We have repeatedly held that it is reversible error to neglect to appoint a guardian *ad litem* for infants. Counsel for defendants in error cites authorities to support his contention that the error does not render the judgment void, but only voidable, and that a motion to set aside the decree in the trial court was the proper method of procedure in this case: but all the authorities cited are where the attack on the decree of the trial court was collateral."

In *Thurston v. Tubbs,* 250 Ill. 540, the court declined to determine the merits of the controversy stating that it would be improper to do so until a minor defendant, who claimed to be the owner in fee of the premises involved in the proceeding, had an opportunity to be heard by a guardian *ad litem* appointed by the court to properly protect his interests. In reversing the decree of the lower court, the Supreme Court said: "The record should affirmatively show that a guardian *ad litem* was appointed to appear and answer for infant parties, otherwise the judgment or decree will be reversed on error or appeal."

From these authorities and many others, it is apparent that the failure to appoint a guardian *ad litem* is an error which the minor could not waive in the trial court. It is therefore difficult to understand why he could be deemed to have waived it by failing to specify it as a ground in his motion for a new trial. Judgment against a defendant is not rendered by the court until after a ruling has been made on a motion for a new trial. To say that the judgment, which is rendered after the motion for a new trial is denied, is voidable in the trial court because a guardian *ad litem* was not appointed for a minor defendant, still is valid in an appellate court when the record of the trial court is being reviewed upon a direct appeal would create an anomaly in the law, if in such appellate court, upon a

direct appeal, the objection to the judgment could not be raised and the avoidable judgment avoided. It is our opinion that the objection is one that can be taken for the first time on direct appeal and therefore the judgment in this case against the minor defendant Donald Hastings must be reversed.

Under the present Practice Act it would not be improper for this court to reverse the judgment against Donald Hastings and affirm it as to the defendant John Hastings, Sr. *Minnis v. Friend*, 360 Ill. 328; *Rhoden v. Peoria Creamery Co.*, 278 Ill. App. 452. In our opinion, however, this case, as to both defendants, should be passed upon by another jury. Certain remarks made by one of the counsel for appellee in his argument to the jury were highly prejudicial and served only to inflame the minds of the jurors against appellants and their attorney. There is nothing in the record which justified counsel for appellee stating to the jury that counsel for appellants had lied to the jury, and although the trial court properly sustained objections to such argument and disapproved of such language, still counsel for appellee repeated the substance of the charge and again said that counsel for appellants had lied to the jury. The use of such language was unethical and reflects upon counsel who resorts to such argument in order to win lawsuits. Such conduct should not be tolerated, and this court will not hesitate to reverse judgments obtained by such practices.

In the present state of the record, we decline to pass upon the question whether the evidence justified the verdict returned in the trial court, but for the errors pointed out in this opinion, the judgment of the circuit court of Marshall county is reversed and this cause is remanded.

*Reversed and remanded.*