CASTOR ET UX. V. GARY LUMBER COMPANY

[No. 27,702.   Filed June 2, 1942.]

*Fagan & Daugherty,* of Gary, for appellants.

*Hodges, Ridgely & Davis,* of Gary, for appellee.

RICHMAN, J.—Appellants as tenants by the entirety in 1931 were the owners of a lot in Gary on which there were two mortgages in the total amount of

$7400. While the lot was so incumbered appellants entered into a written contract with appellee for the erection of a garage thereon to cost $352.08, the contract providing that appellee should retain title to the garage until complete payment of the said purchase price, which, in the contract, appellants specifically agreed to pay with interest and attorneys' fees. Later appellants executed to appellee a note as of the date of the contract for the purchase price of the garage. The note contained provisions similar to those in the contract, except that the contract had a specific clause permitting the removal of the garage from the lot in the event the debt should not be paid.

The first mortgagee thereafter brought suit to foreclose its mortgage and made appellee a party. An answer "by way of cross-complaint" was filed by appellee to which it attached its contract as an exhibit and the pleading alleged a balance past due and owing in the sum of $364.81 on the purchase price of the garage and concluded with this prayer: "Wherefore cross-complainant now sues and asks the court's permission to remove said portable garage building from said real estate; a judgment as against Charles S. Castor and Mary B. Castor, his wife, the costs of this action, and all other just and proper relief." Other lienholders were made parties to the foreclosure suit and after hearing a decree was entered April 24, 1933, foreclosing both mortgages which at that time with interest and attorneys' fees aggregated $8,564.52. There was a finding and decree "against the cross-complainant Gary Lumber Company that it take nothing by its said cross-complaint."

After the lot had been sold on this decree, during the year for redemption, a loan was procured from the Home Owners' Loan Corporation with which the

indebtedness to the two mortgagees was scaled down and the lot was redeemed. The title at all times remained in appellants as tenants by the entirety but their equity in March, 1940, when this action was begun evidently was sufficient to encourage appellee again to attempt to collect the indebtedness for the garage.

In the meanwhile Mary S. Castor had become a voluntary bankrupt scheduling the note and listing the lot with title as aforesaid and had received her discharge.

The complaint herein is on the note, asks personal judgment against Charles S. Castor and that the judgment be adjudged a lien against the lot. Appellee says that the complaint was drafted in reliance upon the case of *First National Bank of Goodland* v. *Pothuisje* (1940), 217 Ind. 1, 25 N. E. (2d) 436, 130 A. L. R. 1238.

Among the several answers filed was one setting up the proceedings and decree in the foreclosure suit as a prior adjudication. Apparently the pleadings were not tested by demurrer. After trial appellee procured judgment as prayed in its complaint. The record in the foreclosure suit was put in evidence so as to present the question of *res judicata* which is now raised on the assignment that the court erred in overruling motion for new trial for the reason that the decision of the court is contrary to law.

"The law is well settled that where matters in issue between the parties to an action were, or might have been, litigated in a former action, such matters are considered 'forever at rest.' " *Mutual Benefit Life Ins. Co.* v. *Bachtenkircher, Rec.* (1935), 209 Ind. 106, 114, 198 N. E. 81, 104 A .L. R. 1135, 30 Am. Jur., Judgments, § 179, p. 923, 34 C. J., Judgments, p. 818. More specifically, Judge Remy in *Jordan* v. *Sisson* (1924), 82 Ind. App. 128, 131, 141 N. E. 881,

states that: "The rule that every question which might have been decided or litigated in a cause will be presumed to have been decided, means that every question which was within the issues, and which, under the issues, might have been proved, will be presumed to have been proved and adjudicated."

Endeavoring to take its case out of this rule, appellee says that its cross-complaint in the foreclosure suit proceded on the theory that under the conditional sales contract sued upon title to the garage had not passed while, on the contrary, its complaint herein treats the sale as absolute recognizes title in the appellants and counts upon the promise to pay. It may be true that the primary purpose of the cross-complaint was to remove the garage, which relief if it had been granted, could have been treated as an election between alternative remedies so as to preclude a later action for the purchase price of the garage. Nevertheless this was not the only relief to which appellee was then entitled under the issues. It might then have had the alternative relief of a personal judgment against both appellants. Pursuant to such judgment the real estate held by them as tenants by the entirety could have been subjected to sale to satisfy the personal judgment. It is true that this was not specifically requested but the prayer for "all other just and proper relief" was broad enough to include such an order, if an order to that effect were necessary which we do not decide.

While the cross-complaint counted on the contract which contained the promise to pay and the complaint herein counted on the promissory note, the indebtedness was the same in both instances, namely, the unpaid balance of the purchase price, with interest and attorneys' fees. In both pleadings it was alleged to be due and unpaid which was a necessary allegation to

entitle appellee to any relief under either pleading. Under the rule above stated we might presume that recovery was denied in the prior suit for failure to prove the allegation. Reading between the lines, however, we understand that in the depression year 1933 when appellants' real estate in Gary had prior incumbrances amounting to $8,564.52, appellee was not interested in a judgment that would be inferior thereto. However, the fact that appellee did not take such a judgment does not prevent the decree, which denied all relief, from barring the relief to which it was then entitled. In the final analysis appellee's position is that, being entitled to one of two alternative remedies within the issues raised by the cross-complaint, the decree denying any remedy must be construed as applying only to the remedy more specifically requested and which, perhaps, was the only one brought to the attention of the trial court. The doctrine of the theory of the case does not compel any such conclusion.

The case of *Unger* v. *McManus, Exrx.* (1921), 75 Ind. App. 595, 130 N. E. 146, relied upon by appellee, may be distinguished. There the court found that the former action permitted only one kind of relief, not two kinds as in the case at bar. The notes involved therein were not due so that personal judgment, if sought and given, would have been premature. As the court properly said "a judgment on the ground that the action was prematurely brought . . . would not be *res adjudicata.*"

Appellee also relies upon the opinion of the Appellate Court in *Royal Insurance Co.* v. *Stewart* (1918), 121 N. E. 307, which upon transfer was superceded by an opinion of this court (1921), 190 Ind. 444, 129 N. E. 853. The decision did not involve the question now before the court. The dicta quoted

from the opinion of the Appellate Court are not in conflict with our views. We agree that "what might properly have been so tried and determined depends primarily upon the issues in the suit or proceeding relied upon to show such former adjudication." This is in harmony with the rule stated by Judge Remy which, when applied to the facts before us, justifies our conclusion that the decree in the foreclosure suit was a bar to this action. A new trial seems unnecessary because the only proper judgment under the issues should be for appellants. Judgment reversed with instruction to enter such a judgment.

NOTE.—Reported in 41 N. E. (2d) 945.