BOARD OF COM'RS. OF ADAMS COUNTY ET AL. *v.* STATE EX REL. GIBSON ET AL.

[No. 28,424.   Filed December 23, 1948.]

*J. A. Bruggeman, Barrett, Barrett, and McNagny,* all of Fort Wayne, and *Ed. Bosse,* Decatur (of counsel) attorneys for appellants.

*Roscoe D. Wheat,* of Portland, and *John L. DeVoss,* of Decatur, attorneys for appellees.

O'MALLEY, J.—The Board of Commissioners of Adams County, Indiana, and others, have appealed to this court from a judgment of the Adams Circuit Court mandating them to issue bonds for the construction of the Fennig Drain. That drain has quite a legal history. The original petition was filed in the Adams Circuit Court in 1926 and judgment establishing the drain was entered in 1933. There was an appeal to this court and the lower court was affirmed in 1937.

In 1937, the legislature passed an act, Acts 1937, ch. 22, to terminate ditch proceedings which were commenced prior to January 1, 1927, and which had not proceeded to the point of having a contract for construction executed by the commissioner of the drain. In 1938, a contract for the construction of the drain was executed and demand was made that the board of commissioners adopt a bond ordinance and issue bonds to pay the cost of said drain. Upon the refusal of the commissioners to issue bonds, an action was commenced by the ditch commissioner and the owners of the land which was assessed for the construction of the drain. This action was commenced for the benefit of such landowners and all others similarly situated. The proceeding went to final judgment. on May 27, 1940, and by this judgment the court held that a mandate should not issue against the Commissioners, the Auditor, and the Treasurer of Adams County for the construction of the Fennig Drain, and that the proceeding was terminated by virtue of the Contractors Relief Act.

No appeal from that judgment was taken, but at a later date, after awarding the construction contract to appellee Watts, this action was instituted to compel the issuance of bonds for the project. In this action, in the lower court, the appellants pleaded the prior adjudication and the statute of limitations. In their argument in this court, the appellants raise three questions:

1. That no duty has been imposed by statute which compels the issuance of the bonds, and in the absence of a clear legal duty, mandate will not lie.

2. That there was a prior adjudication from which no appeal was taken.

3. That the lien of the assessment had run prior to the institution of this action.

We could use much space in writing on the first and third of the questions above stated. However, if the prior adjudication was effective, neither of the other questions are then material.

In the case of *Castor* v. *Gary Lumber Co.* (1942), 220 Ind. 260, 262, 263, 41 N. E. 2d 945, 946, there is the following statement:

"The law is well settled that where matters in issue between the parties to an action were, or might have been, litigated in a former action, such matters are considered 'forever at rest.'" *Mutual Benefit Life Ins. Co.* v. *Bachtenkircher, Rec.* (1935), 209 Ind. 106, 114, 198 N. E. 81, 104 A. L. R. 1135, 30 Am. Jur., Judgments, § 179, p. 923, 34 C. J., Judgments, p. 818. More specifically, Judge Remy in *Jordan* v. *Sisson* (1924), 82 Ind. App. 128, 131, 141 N. E. 881, states that: 'The rule that every question which might have been decided or litigated in a cause will be presumed to have been decided, means that every question which was within the issues, and which, under the issues, might have been proved, will be presumed to have been proved and adjudicated.' "

In the instant case the appellees claim there was no prior adjudication by which they are bound because the parties are not the same and because there was lack of jurisdiction in the prior case.

It is not denied that each action was brought for the same purpose and in the same court, and that in each action there was a demand that the Board of Commissioners of Adams County be mandated to issue bonds for the construction of the Fennig Drain. However, it is asserted that the contractor named as relator in the first action was not the one named in the second action. That assertion can gain nothing for the appellees. Each of the contractors received its rights, if any, by virtue of an award from and through the commissioner of the drain. But the appellees say the court was without jurisdiction to enter judgment in the former case. The appellees' attorney, in oral argument, admitted that the court had jurisdiction of the former cause at the time it was filed, but stated that the court lost jurisdiction when it attempted to enter a judgment against his clients, the relators in each case, and that as a result the judgment, which was entered against his clients, was void. No authority has been cited for the position so taken by the appellees and we cannot conceive of any authority in Indiana which supports their position.

It seems to us that they confuse jurisdiction with right. If jurisdiction was lacking there would be no valid judgment, but if the court erroneously entered a judgment which was not supported by the law, something that was contrary to the "rights" of the appellees, then the only method of correcting that error would be by an appeal and reversal.

The fact that the statute upon which the trial court based its first finding and judgment was afterward declared unconstitutional in a different action between other and different parties could in no way affect the force or conclusiveness of the judgment in that first case.

This court in the case of *State, ex rel.*, v. *Arkansas Construction Co.* (1929), 201 Ind. 259, 167 N. E. 526, determined that a judgment of a court of general jurisdiction, wherein the parties were the general contractor on one side and the board of commissioners on the other side, was an effective bar to a proceeding by taxpayers, who were not parties in the first action, against the general contractor and his bonding company. In that action, the court was faced with a proceeding instituted before the board of commissioners and then appealed to the Circuit Court wherein a judgment was entered declaring the contract void under the Contractors Relief Act of 1919, Acts 1919, ch. 93. Before the commencement of the second action which involved the contract with the Arkansas Construction Company, this court had occasion to pass upon the constitutionality of the Contractors Relief Act. It came to this court on appeal from the Hamilton Circuit Court, and the act was held bad on constitutional grounds. See *Davis Construction Co.* v. *Board, etc.* (1922), 192 Ind. 144, 132 N. E. 629. Subsequent to the decision by this court in the Davis case, *supra,* certain taxpayers of Knox County filed an action on the bond of the Arkansas Construction Company on the theory that there was no jurisdiction in the Knox Circuit Court in the prior action commenced by the Arkansas Construction Company and therefore the judgment was void and subject to collateral attack. In this second case, this court ruled that the taxpayers

were bound although they were not parties to the prior action, and that the prior judgment was an effective bar to the new proceeding.

In the instant case there is a claim of lack of jurisdiction, but it is not claimed that it existed from the filing of the prior cause. It is claimed that jurisdiction was lost when the court entered a judgment denying the relief sought.

We cannot agree with the appellees on their claim of loss of jurisdiction. The appellees invoked the jurisdiction of the court, there was jurisdiction of the parties, of the subject-matter and of the particular class of action. The court may have been in error, but that error could have been corrected on appeal. The appellees in this case cannot be permitted to again litigate the same matter that was once tried and concluded by a judgment which has never been questioned by an appeal, and which stands as a final entry governing the rights of the parties in the Fennig Drain proceeding.

The judgment of the lower court is reversed with instructions to enter judgment in favor of the appellants.

Note.—Reported in 82 N. E. 2d 891.