VAN WINKLE *v.* VAN WINKLE.

[No. 18,507. Filed March 30, 1954. Rehearing denied May 6, 1954. Transfer denied June 24, 1954.]

*Frederick Crumpacker,* of Valparaiso and *Owen W. Crumpacker, Crumpacker & Shroer,* of Hammond, (*Theodore M. Gemberling,* of Hammond, of Counsel, on transfer), for appellant.

*James J. McGarvey,* of Valparaiso, and *A. M. De-Ibern,* of Gary, for appellee.

Royse, J.—Appellee herein commenced this action for divorce in the Porter Circuit Court the 16th day of

September, 1952. Her complaint averred the parties were married September 24, 1950 and separated on September 14, 1952. She charged appellant with cruel and inhuman treatment consisting of violent physical attacks; that she was in fear of her life. It was further averred the parties owned real estate as tenants by the entireties. She asked for $10,000 alimony and that her rights in the real estate be set off to her.

Appellant filed answer of denial under the rules and a cross-complaint which charged appellee with cruel and inhuman treatment and asked that he be adjudged the owner of the property. Issues were closed by the answer of appellee and reply of appellant.

On the day appellee filed her action the trial court enjoined appellant from entering or going upon the premises at No. 22 Franklin Street, or any premises contiguous thereto until the further order of the court. It enjoined him from injuring in any manner appellee, members of her family or her associates. It further enjoined him from withdrawing any funds, monies or assets of any kind which he may have in any bank or depository in the State of Indiana or in any United States Post Office, and from giving away, secreting or encumbering any assets of any kind including cash. There were further proceedings in reference to this restraining order which are not pertinent to the question before us.

The venue was changed to the Circuit Court of Starke County. This cause was tried in that court January 16th and 17th, 1953. Judgment rendered January 20, 1953. This judgment granted appellee an absolute divorce and $4,000 alimony. It gave appellant title to the real estate and allowed appellee's attorney $1,000.

Thereafter on January 31, 1953, appellee filed her motion for a new trial containing fifteen specifications.

On February 18, 1953, appellant filed his motion for a new trial on the ground of newly discovered evidence material to him which he could not, with reasonable diligence, have discovered and produced at the trial. This motion was supported by affidavit of appellant. On March 18, 1953, appellee moved to strike out appellant's motion for a new trial.

The affidavit of appellant in support of the motion for a new trial was amended on two occasions thereafter.

The original affidavit, after averring that with reasonable diligence he had no way of knowing nor could he have discovered or had cause to suspect that the following facts existed, then avers, in substance, that on December 8, 1952, in the Pulaski Circuit Court in cause No. 14097 entitled "Wm. J. Morris, Plaintiff and Lyda Morris, Defendant," the judge of said court granted said Wm. J. Morris a divorce from Lyda Morris. That the said Lyda Morris named in that action was, is and at all times during the past two years has been the same and identical person as the plaintiff in this case, Lyda Van Winkle.

That in awarding the decree and final judgment of divorce in that case in the Pulaski Circuit Court the court found the parties thereto were husband and wife and had been married for 18 or 20 years prior thereto and remained continuously in the legal relation of husband and wife until December 8, 1952. That by reason of these facts this affiant and Lyda Morris or Lyda Van Winkle never were in fact married. That the purported marriage was a void and illegal marriage because at that time she was the wife and spouse of William Morris. That by reason of these facts the court has no jurisdiction to enter a decree of divorce between the parties hereto because they were never legally married.

On March 19, 1953, appellee filed her verified motion to strike out or deny appellant's motion for a new trial. It averred appellant's motion did not set out or in any way mention the newly discovered evidence, the affidavit accompanying the motion is insufficient, and the statute providing for new trials is not satisfied by this affidavit. (2) The motion and affidavit do not show due diligence, etc. (3) The allegations of appellant's motion are for the most part untrue and he had knowledge of each and all the circumstances referred to therein and for the following reasons:

"(A) Defendant had actual knowledge of plaintiff's leaving Indiana and going to Nevada and procuring a divorce there for defendant loaned her money to do so and visited her while she was a resident of Nevada.

"(B) That defendant well knew that plaintiff had received a divorce from William J. Morris in Nevada on September 1, 1949.

"(C) That defendant thereafter married this plaintiff on February 24, 1950, and thereafter lived with her as husband and wife.

"(D) That the Morris divorce case, in which a decree was granted in Winamac in December, 1952, was filed in Porter Circuit Court, February 25, 1952; that it was filed in Porter Circuit Court in the same court and during the same period in which and during which Porter Circuit Court Cause No. 14920 was pending between the plaintiff and defendant herein.

"(E) That said cause, No. 14920, being the third divorce case between these parties, was dismissed May 19, 1952, but for some weeks previous the parties had been living together as husband and wife and defendant well knew of the existence of the Morris case at that time.

"(F) That this defendant knew of the change of venue of said case to Jasper County and then to Pulaski County and actively counselled the plaintiff and assisted her in connection with that case in regard to the real estate effected thereby and

that he did so up until the separation of these parties in the present case.

"(G) That in the meantime, October 27, 1951, the defendant had himself filed a divorce action, being No. 54437 in Las Vegas, Nevada, which was apparently abandoned.

"(H) That on or about May 16, 1952, this defendant, by appropriate deeds, again set up the real estate in Valparaiso under Tenants by the Entireties, all of which was after the filing of the Morris divorce case on February 25, 1952, and at a time when the defendant had full knowledge of the status, condition, proceedings and facts pertaining to all parties mentioned herein."

The first amendment to appellant's affidavit made a duly certified copy of the final judgment and decree a part of the affidavit as Exhibit A thereto. (This will be set out in substance hereinafter.)

This amendment further avers the above judgment and decree is evidence newly discovered after the trial of this cause. That neither affiant nor his attorney had any reason to suspect or believe any such judgment was in existence. That such evidence is material, is not cumulative, is not impeaching and constitutes a complete defense to appellee's action and would certainly change the result. That the clerk of the Pulaski Circuit Court will testify as to the truth and authenticity of said decree and judgment. That because affiant or his attorney had no knowledge of the judgment of December 8, 1952, in the Pulaski Circuit Court until February 16, 1953, which was only three days before his time to file a motion for a new trial in this case would expire, it was not possible for him to procure a certified copy of said judgment and to incorporate the same in the affidavit supporting his motion for a new trial. That this was done as soon as possible.

Appellee, on April 30, 1953, filed her affidavit in opposition to defendant's motion and affidavit which by reference incorporated the averments in her verified opposition to the original motion and affidavit. It then avers the Nevada divorce is in full force and effect and is entitled to full faith and credit in Indiana. That appellant has recognized the Nevada divorce both there and here.

That on October 27, 1951, appellant was a resident of Nevada and filed an action for divorce entitled "Arthur J. Van Winkle v. Lyda M. Van Winkle" in the 8th Judicial District Court, Las Vegas, Clark County, Nevada, being cause No. 54437. That a copy of the summons in that case sworn to by appellant is by reference made a part of this affidavit. That his counsel in that proceedings was a Howard Cannon and a photostatic copy of a letter to said Cannon is made a part of this affidavit. That the matter referred to by appellant related to the Morris divorce action in Pulaski County.

That the Morris divorce action in Pulaski County was filed in the Porter Circuit Court February 25, 1952. That at that time there was an action for divorce pending between appellant and appellee. That nevertheless they were living together as husband and wife and that appellant had actual knowledge of the service of summons on appellee with whom he was then living. That a week after the filing of the Morris divorce action on March 5th appellant filed his verified motion to dismiss the action for divorce then pending on the grounds these parties had been living together since about January 1, 1952.

That on May 16, 1952, appellant perfected the conveyance by which these parties became owner as tenants by entireties of the property and he knew of the facts

concerning these divorce actions. Appellee's affidavit then avers:

"That this plaintiff, at no time, attempted to keep secret the so-called Morris divorce case and the same was common knowledge in the Court House at Valparaiso and was of public record there in all its phases.

"That as plaintiff recalls the evidence, there was no mention made at the trial in Knox of the Winimac case but this was a mere coincidence or happenstance, but also for the further reason that there was no necessity of mentioning the case (or of not mentioning or secreting it) because this defendant knew all of such facts, items, and circumstances and had known all about the Nevada divorce (the Morris divorce) and had known all of the facts and circumstances incident thereto; that, in fact, as appeared in the evidence in this case, this defendant had financed the plaintiff in procuring the Morris divorce in Nevada, and knew all of the incidents thereof at the time of his marriage to this plaintiff.

"That in this cause the defendant filed his cross-complaint in Porter Circuit Court on October 2, 1952 and acknowledged the marriage of these parties on February 24, 1950, and mentioned the conveyance of the real estate and all of this was *after* the filing of the Morris divorce case in Porter Circuit Court on February 25, 1952.

"That the verified petition of Arthur J. Van Winkle, above referred to, is attached hereto, marked Plaintiff's exhibit 2 and said photostat is marked Plaintiff's exhibit 1."

The letter to the attorney Cannon from appellant stated—"My wife is being sued by her former husband for divorce."

On May 29, 1953, appellee's attorney filed his affidavit in her behalf in relation to the motion for new trial. It averred he was at all times her sole attorney in this case and was also her attorney in the divorce case at Winamac.

That the attorney for appellant called him as attorney for appellee a few days after the rendition of the divorce decree herein and said appellant desired to move back in the premises referred to in the pleadings herein and desired affiant's consent to do so. That he refused on the grounds he was considering filing a motion for a new trial and therefore the judgment was not final and the restraining order was still in effect. That a few days thereafter appellant moved back into the larger residence and office and appellant has thereby taken the benefit and advantage of the decree of divorce.

The second amendment made to appellant's affidavit set out the following duly certified pleadings of the Pulaski Circuit Court in that case:

a. Certified copy of original complaint.

b. Certified copy of defendant's petition for suit money, etc.

c. Certified copy of plaintiff's affidavit for change of venue from the county.

d. Certified copy of defendant's answer and motion for change of venue from the county.

e. Certified copy of amended complaint.

f. Certified copy of answer to amended complaint.

g. Certified copy of additional paragraph of answer to amended complaint.

h. Certified copy of reply to defendant's second paragraph of answer.

i. Certified copy of defendant's motion to dismiss her second paragraph of complaint.

j. Certified copy of minutes of court.

The following pleadings certified by the clerk of the Jasper Circuit Court in an action for partition by said Lyda Morris v. William Morris:

a. Certified copy of her complaint filed in that court January 30, 1953.

b.  Certified copy of filing of transcript of pleadings and proceedings in the Jasper Circuit Court.

Then follows averment affiant had no knowledge of the existence of these pleadings until February 16, 1953, etc.

The original complaint filed in the Morris divorce action was filed in the Porter Circuit Court.  It averred in substance the parties were married on April 26, 1930 and lived together as husband and wife until the 9th day of February, 1949.  That three children were born of this marriage, ages 19, 17 and 5½ years.  That defendant Lyda Morris was guilty of cruel and inhuman treatment.  Affidavit of residence was filed with this complaint.  About March 14, 1952 appellee herein and defendant in that action filed her verified petition for suit money, support money and attorney fees.  On March 24, 1952 the plaintiff in that action filed his verified motion for a change of venue from Porter County.  Appellee thereafter filed an answer of admission and denial under the rules and prayed the plaintiff be denied the relief sought.

On or about May 20, 1952 appellee as defendant filed her motion for change of venue from Jasper County. The venue was then changed to the Pulaski Circuit Court.  In that court the plaintiff William Morris filed his amended complaint for divorce.  In addition to the averments of the original complaint it charged the cruelty of the defendant was her desertion of plaintiff and the two older children.  That he was and has been a bona fide resident of this state for seventeen years. That during their married life they acquired real estate and are now the owners of same as tenants by entirety of the value of $10,000.  It prayed for an absolute divorce and that he be adjudged the sole owner of this property.

Appellee here as defendant there filed answer of admission and denial under the rules and asked for $1,000 additional attorneys fee and expenses in this cause.

For second and further paragraph of answer, in addition to the averments in her first paragraph of answer, she averred that she was plaintiff in Cause No. 125380 in the 2nd Judicial District Court of Nevada in the County of Washoe entitled "Lyda Morris v. William J. Morris," the same parties as in this cause, and she was granted a decree of absolute divorce on September 1, 1949. That the marriage was thereby forever dissolved. That said decree of divorce has never been set aside or modified and was in full force and effect when this action was filed. That by reason of such decree these parties became the owners of said real estate as tenants in common. That they have since owned, possessed and attended to the business affairs connected with said real estate as tenants in common. That the Nevada Court made no order in reference to said real estate. Prayer that appellant take nothing, etc.

Plaintiff William Morris, in reply to said second paragraph of answer, averred appellee here, defendant in that action, never acquired a bona fide residence in the State of Nevada. The reply then stated:

"In support thereof plaintiff affirmatively states that the defendant filed her complaint for divorce in the Porter Superior Court, State of Indiana, as Cause No. 12686, on the 3rd day of March, 1949; that said cause was tried, after a change of venue, in the Lake Circuit Court, as Cause No. 32746; that on the 25th day of May, 1949, the Lake Circuit Court denied defendant herein a divorce as prayed for by her in said Cause No. 33746. That thereafter defendant did on the 29th day of July, 1949, file her complaint in the Second Judicial District Court of the State of Nevada for the County of Washoe wherein she asked for a divorce from the plaintiff herein. That at said time defendant did

not have her only home, place or residence or domicile in the State of Nevada, but at all times during the year 1949, defendant made her home in and was domiciled in the State of Indiana."

On August 7, 1953, appellee filed her objections to appellant's second and additional amendment to his affidavit supporting motion for a new trial and asked that same be stricken out. It averred that based on statement or statements made in oral argument the appellant's second amendment was too late. Thereafter, after both sides had rested, before final argument and before announcement of any judgment, appellee here, defendant in that action, dismissd her second paragraph of answer.

The finding and judgment in the Morris divorce suit sustained the motion of defendant to dismiss her second paragraph of answer to plaintiff's amended complaint. Found for plaintiff; that defendant had been guilty of cruelty as charged and that he is entitled to an absolute divorce. That henceforth the parties shall be the owners as tenants in common of the real estate formerly owned by them as tenants by the entireties. That defendant should have custody of the daughter born November 23, 1946, and that plaintiff should continue to pay $12 per week for support of said daughter until further order of the court. Judgment accordingly.

The court overruled the objections of appellee to appellant's second motion to amend and then overruled appellant's motion for a new trial. That is the error assigned here.

Appellee has filed her motion to dismiss her appeal for each of the following reasons:

(1) Appellant, prior to taking this appeal, acquiesced in, ratified and received the benefits of the judgment he now seeks to appeal from. In support of this

contention she asserts that from the time of the filing of this action until the judgment herein appellant had remained out of and away from the premises·in obedience and pursuant to the restraining orders issued by the court. That during the same month the judgment was rendered appellant adversely and against the wishes of appellee re-entered and took possession of said premises and continues to occupy same. That by so doing he ratified and confirmed the judgment of the trial court herein. That conversely if he did not recognize, ratify and confirm the judgment the interlocutory restraining orders would still be and remain in full force and effect and would have barred his re-entry into said premises. That at all times he was represented and advised by his attorneys of the law pertaining to this situation. That the foregoing matters were brought to the attention of the trial court by the affidavit of appellee's attorney filed before it ruled on appellant's motion for a new trial. That he filed no reply thereto. That under Rule 1-15 this affidavit was read and considered as evidence and appellant must be held to admit the truth of the facts therein contained. That appellant claims he first learned of the newly discovered evidence on February 16, 1953, and that he has done nothing since to move from or give up the premises as he had adversely taken over.

(2) Since the entry of judgment herein and prior to taking this appeal appellant has filed another cause of action which bars this appeal. She then says the motion for new trial was overruled on September 10, 1953. That he had 90 days in which to take and perfect an appeal to this court. That on November 24, 1953, he filed as plaintiff an action against appellee to vacate and set aside the judgment herein for the reason it had been obtained by fraud and sought to enjoin the collection

and enforcement of the judgment. That said cause is now pending. A certified transcript of the pleadings in that cause is filed with this motion to dismiss. That by filing that case appellant apparently elected to pursue the remedy he seeks therein and that is inconsistent and in conflict with his appeal in this case.

(3) Appellant's motion for new trial is based on the sole ground of newly discovered evidence. That in substance it alleged he learned of the Morris divorce since the trial of this cause. That he could not with reasonable diligence have suspected or had reason to believe such condition existed. Thereafter appellee filed her affidavit denying the truth of his affidavit, alleging he had actual knowledge of all facts and circumstances connected with her prior marital and legal history. Therefore, he is estopped from asserting the alleged grounds for a new trial. He never denied the material allegations of her counter-affidavit and therefore the truth of these allegations is admitted.

Later, appellant filed an amended affidavit in support of his motion. On April 30th she filed counter-affidavit and denied allegations of both affidavits as to both truth and diligence. That appellant has never denied the truth of said counter-affidavit. That these matters presented a question of fact to the trial court which was decided adversely to appellant when he overruled his motion for a new trial.

The sordid story revealed by the record hereinbefore set out conclusively establishes that a shocking fraud was perpetrated on the trial court in this case. Whether or not in a proper case the motion of appellee to dismiss would have merit, under the circumstances herein we will not permit such a judgment to stand by dismissing this appeal.

Ordinarily, when we deny a motion to dismiss the case is then fully briefed and decided on the merits. However, the motion to dismiss and the briefs ■ of the parties thereon have disclosed matters in this case which require the application of a different rule. In 5 C. J. S., pp. 1381, 1382, §1893, this rule is stated as follows:

("The court may, on its own motion, reverse the judgment where the error is very plain and such action is necessary to meet the ends of justice, *or the error is of a nature not capable of being waived.*" (Our emphasis))

See also: *First National Bank of Elgin, Ill.* v. *Russell* (Tenn.), 139 S. W. 734, 736; *Collins* v. *Hastings* (1936), 283 Ill. App. 304, 309; *Stewart* v. *Lohr* (1890), (Wash.) 25 Pac. 457.

In the case of *Loeb et al.* v. *Mathis* (1871), 37 Ind. 306 at p. 314, our Supreme Court said:

"If the court below had no jurisdiction, then there was no trial, and we cannot look to the record to see whether the merits of the cause were fairly tried."

See also: *Britton* v. *State ex rel. Miller* (1876), 54 Ind. 535, 540; *Kinnaman et al.* v. *Kinnaman* (1880), 71 Ind. 417, 421.

In the case of *Traders Loan and Investment Company* v. *Houchins* (1924), 195 Ind. 256, 260, 144 N. E. 879, the Supreme Court said:

"One circuit court does not have jurisdiction to vacate, change, set aside or modify a judgment of a court of similar jurisdiction or equal rank."

We judicially know the Pulaski Circuit Court has the same jurisdiction as the Starke Circuit Court. The

record as heretofore stated shows the Morris case was commenced in the Porter Circuit Court in February, 1952. And at that time there was a divorce action pending in the same court between the parties hereto. That action was dismissed in May, 1952. (The record does not disclose whether in the last mentioned action the attorney for the appellee herein represented her). This action was commenced by appellee in the Porter Circuit Court on September 16, 1952, and, significantly, was filed by the same attorney who then was representing her in the Morris divorce action pending in the Pulaski Circuit Court. It is to be kept in mind that in the Morris divorce action appellee as defendant filed an answer alleging she had been divorced from Morris in Nevada. To this answer Morris replied by averring she had been a resident of Indiana at the time the purported Nevada divorce was granted. Before judgment in the Morris case she dismissed that answer, thus indicating that she could not prove this defense, or that she abandoned it as a defense in that case. In Items A and B of her verified motions to strike out the affidavits of appellant in this case supporting his motion for a new trial, she swore she procured a divorce in Nevada September 1, 1949, and that appellant knew of that action. In other words, appellee in effect asserts the Nevada divorce was void as to the Morris divorce case in the Pulaski Circuit Court and in full force and effect in this case. Our courts will not sanction such deception and trickery.

The judgment of the Pulaski Circuit Court granting Morris a divorce from the appellee herein was an adjudication that until that day appellee herein was the wife of William J. Morris. This judgment was never appealed and is now in full force and effect. The Starke Circuit Court could not set that

judgment aside. *Traders Loan and Investment Company* v. *Houchins, supra.*

While there is no competent evidence in the record before us to show that appellee obtained a decree of divorce from Morris in Nevada, yet if there were the Pulaski Circuit Court had the right and authority to determine whether such decree was invalid because appellee was at the time it was granted a resident of Indiana. *Ulrey* v. *Ulrey* (1952), 231 Ind. 63, 106 N. E. 2d 793, and authorities there cited.

It is well established that a judgment in an action is a determination not only as to what was decided therein, but also as to every other matter which the parties might have litigated. *Wilson* v. *Buell* (1888), 117 Ind. 315, 317, 20 N. E. 231; *Mutual Benefit Life Insurance Company* v. *Bachtenkircher, Receiver* (1935), 209 Ind. 106, 114, 198 N. E. 81; *Board of Commissioners of Adams County et al.* v. *State ex rel. Gibson et al.* (1948), 226 Ind. 633, 636, 82 N. E. 2d 891.

The attorney for appellee testified in this case he knew of his own knowledge that both parties had resided in Porter County for more than five years before this action was commenced.

Section 44-105, Burns' 1952 Replacement provides, in part:

> "All marriages prohibited by law . . . where either party has a former wife or husband living, if solemnized within this state, shall be absolutely void without any legal proceedings."

It is undisputed the parties hereto were purportedly married in this state in February, 1950. On the record before us she was on said date the wife of William J. Morris and continued to be his wife until December 8, 1952. It is likewise undisputed that the parties hereto

did not live together as husband and wife after said last mentioned date. Under these circumstances the parties hereto were never legally married and therefore could not have been legally divorced.

It is crystal clear to us that appellee and her attorney perpetrated an unconscionable fraud on the trial court. Whether or not appellant before or during the trial of this cause knew the true facts in reference to the action in the Pulaski Circuit Court is immaterial to a decision of the question presented. His failure, if there were a failure, to act could not legalize the void marriage and thereby give vitality to the judgment herein.

Judgment reversed with instructions to the trial court to expunge from its records all of the proceedings in this case.

Crumpacker, C. J. and Kelley, J., not participating.

## On Petition for Rehearing

Royse, J.—In her petition for rehearing appellee contends we have contravened numerous ruling precedents of the Supreme Court because we asserted in our opinion that she and her attorney had perpetrated a shocking and unconscionable fraud on the trial court but did not give any reason or fact to support such statement. The short answer to that contention is that we set out nearly eleven pages of the record herein which we stated and now reiterate revealed that a "shocking fraud was perpetrated on the trial court in this case."

She next contends we did not rule on her motion to dismiss this appeal. Our opinion clearly stated that we would not dismiss the appeal.

She then criticizes the following statement in the original opinion: "In other words, appellee in effect asserts the Nevada divorce was void as to the Morris

divorce case in the Pulaski Circuit Court and in full force and effect in this case." The petition for rehearing says: "Appellee and her attorney have never taken or adopted any such ludicrous position. Both believed then and still do believe and assert the Nevada divorce was and is good."

It is difficult for us to understand how appellee can honestly and seriously make such an assertion. We pointed out in our opinion the attorney for appellee in the trial of this case upon his oath as a resident witness for appellee stated "he knew of his own personal knowledge that both of the parties had resided in Porter County for more than five years before this action was commenced". One of appellant's attorneys testified to the same effect. The record shows the alleged Nevada divorce was granted about September 1, 1949. This action was commenced in September, 1952. Therefore, on the sworn testimony of appellee's attorney on a jurisdictional question, appellee had been a resident of Porter County since at least September, 1947. *Miller* v. *Miller* (1914), 55 Ind. App. 644, 648, 104 N. E. 588. A person can have but one domicile at a time. The alleged Nevada decree is vulnerable here if the Nevada court was without jurisdiction to grant it. The above referred-to testimony of appellee's attorney conclusively establishes that the Nevada court did not have jurisdiction to grant appellee a divorce in September, 1949. *Ulrey* v. *Ulrey* (1952), 231 Ind. 63, 106 N. E. 2d 793. Does appellee and her attorney now wish to state to this court that his testimony as to her residence in this case was untrue and that he was guilty of perjury?

Appellee then attacks the following statement:

"The court may, on its own motion, reverse the judgment where the error is very plain and such

action is necessary to meet the ends of justice, *or the error is of a nature not capable of being waived.*" (Our emphasis). 5 C. J. S., pp. 1381, 1382, §1893.

She asserts there is no precedent in this state for such holding and therefore it decides a new question of law erroneously; that such holding deprives her of the right to file an answer brief on the merits in this case. The principle we invoked has been approved in numerous decisions of the Supreme Court. In the case of *Big Creek Stone Co. et al.* v. *Seward et al.* (1895), 144 Ind. 205, 209, 210, 42 N. E. 464, 43 N. E. 5, on petition for rehearing the Supreme Court, speaking through Chief Justice Hackney, said:

"Complaint is made by counsel that the sufficiency of the pleading was determined upon a question not argued by counsel for appellant, and which question was, therefore, waived.

"The correctness of the rule upon which our decision was based is not questioned by counsel, and, in our opinion, is beyond dispute. It may be inquired, therefore, should the court be controlled by a rule which would estop counsel and parties to the extent that it should hold sufficient a state of facts which plainly disclosed that no cause of action existed? Most certainly not. While we are not obliged to search for errors not made manifest by the record as the appellant brings it to us, we are not so restricted by that rule that we are required to hold a pleading sufficient when it is clearly insufficient, and when to do so would create a precedent well calculated to mislead the profession and lend confusion to well settled principles of pleading and practice. When an error is presented by the record, the case is decided upon the record and not upon the argument of counsel, but, when a question is not argued and does not occur to the court in its investigations of the record, a rehearing will not be granted to permit a discussion of such question. *Martin* v. *Martin,* 74 Ind. 207. In this case the sufficiency of the complaint was duly presented,

and it was palpably bad. To have held it otherwise would have been a perversion of justice. If the court were limited to the arguments and reasoning of counsel in its decisions of cases, to the exclusion of its own observations, many cases would lead us far from what we understand to be the true object of the court."

In the case of *Cleveland, etc. R. Co.* v. *Moore* (1908), 170 Ind. 328, at p. 364, 84 N. E. 540, the Supreme Court, speaking through Judge Gillett, said:

"Where resort to the record is necessary, the case will be determined by the record, and in such a case the court will not regard itself as governed by the conceptions of counsel on either side as to the nature of the controlling facts. *Big Creek Stone Co.* v. *Seward* (1896), 144 Ind. 205; *Scott* v. *City of LaPorte* (1904), 162 Ind. 34; *State ex rel.* v. *Board etc.* (1906), 167 Ind. 276. As to our observations upon the case generally, we may say, in the language of *Big Creek Stone Co.* v. *Seward, supra,* that 'if the court were limited to the arguments and reasoning of counsel in its decision of cases, to the exclusion of its own observations, many cases would lead us far from what we understand to be the true object of the court.'"

See also *White* v. *White* (1935), 208 Ind. 314, 317, 194 N. E. 355, 196 N. E. 95; *Marks* v. *State* (1942), 220 Ind. 9, 25, 26, 40 N. E. 2d 108; *Keeshin Motor Express Company, Inc. et al.* v. *Glassman* (1942), 219 Ind. 538, 557, 38 N. E. 2d 847.

As stated in our original opinion, the record herein conclusively establishes that appellee attempted to marry appellant in this state while she was the legal wife of William J. Morris. Therefore, her purported marriage to appellant was, under our statute, void. Sec. 44-105, Burns' 1952 Replacement. Hence, not having been legally married to appellant she could not be

divorced from him. We adhere to our original decision. Petition for rehearing denied.

Crumpacker, C. J. and Kelley, J., not participating.

NOTE.—Reported in 118 N. E. 2d 389.
Rehearing denied 119 N. E. 2d 328.